# Lapat Company *v.* Northern Metal Company, Appellants.

*Sales— Freight  charges— Consignor — Consignee — Liability  for freight  charges—Affidavit of defense—Insufficiency.*

Where a vendor plaintiff in one action recovered the purchase price of materials sold and delivered, he is entitled to recover in

another suit, freight charges which he was required to pay on the materials which he furnished.

A shipper is primarily liable to the railroad company for the freight and the carrier has nothing to do with the arrangements between the parties. The plaintiff having paid these charges had the undoubted right to recover over from the defendant. When the suit was brought for the materials sold a claim for the freight charges did not exist, and while the plaintiff could have paid the freight and obtained a right of action for the sum so paid against the defendant, he had no right of action until he had paid. The presumption was that the freight had been paid by the consignee. The right of the plaintiff to bring a suit for the freight and demurrage charges did not accrue until he had paid them.

The first cause of action was for the recovery of the price of goods sold and delivered. The second action was for payments made by the plaintiff by reason of the liability put upon him by law for which the defendant was ultimately liable, and for which the right to sue was not in the plaintiff at the time the first action was brought. The separate actions were not brought for different parts of a single demand.

Argued October 12, 1927. Appeal No. 66, October T., 1927, by defendants from judgment of Municipal Court of Philadelphia, June T., 1926, No. 1017, in the case of Isaac Sher, trading as L. Lapat Company v. Samuel Tabas, Morris Tabas and Abraham Tabas, individually and as co-partners, late trading as Northern Metal Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for freight and demurrage charges. Before .... ..., J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The Court made absolute the rule. Defendants appealed.

*Error assigned* was the judgment of the Court.

. *F. Raymond Heuges,* and with him *I. G. Gordon Forster,* for appellants.—A suit is conclusive not only

as to matters which were presented in the suit, but as to all matters which could have been presented in that suit. The claim is res adjudicata: Jenkins v. Scranton, 205 Pa. 598; Oviatt v. Brownell, 221 Pa. 452; Amshel v. Hosenfeld, 20 Pa. Superior Ct. 373; Danziger v. Williams, 91 Pa. 234; Orr v. Mercer County Mutual Fire Insurance Co., 114 Pa. 387; Allen v. International Text Book Co., 201 Pa. 579; Stradley v. Bath Portland Cement Co., 228 Pa. 108; Buehler v. Railway Co., 19 Schuy. Co. 273.

*Albert S. Longbottom,* of *Byron, Longbottom, Pape & O'Brien,* for appellee, cited: C. B. & Q. Railroad Company v. James B. Barry's Sons, 86 Pa. Superior Ct. 1; Wells Fargo Co. v. Cuneo, 241 Federal 727; B. & O. R. R. Ro. v. Foster Company, 81 Pa. Superior Ct. 304; Pennsylvania Railroad Company v. General Crushed Stone Company, 76 Pa. Superior Ct. 186; Pennsylvania Railroad Company v. Whitney, 73 Pa. Superior Ct. 588.

Opinion by Trexler, J., December 15, 1927:

Judgment was entered in favor of the plaintiff against the defendant for want of a sufficient affidavit of defense. The pleadings disclose that in August, 1922, defendants by contract in writing bought two lots of metal which were to be shipped f. o. b. cars, Dover, N. J., "sight draft against bill of lading." Defendants directed the plaintiff to ship the metal to one, Dougherty, in Philadelphia, to whom they had sold it. Shipment was accordingly made and Dougherty refused to accept or pay for it and the metal was placed in storage by carrier as defendant's property and afterwards sold at public sale.

In December, 1922, the plaintiff brought suit against the defendants for the metal and obtained a verdict for the full amount of their claim with interest and costs which was subsequently paid.

On September 4, 1925, the Pennsylvania Railroad Company, the carrier, made demand upon the plaintiff as the original shipper for the payment of the freight and demurrage charges, credit being allowed for the proceeds of the public sale of the metal at the instance of the railroad company for non-payment of carrying charges and storage and after suit, payment of the same was made. Demand was then made by plaintiff for the payment of said items by the defendants and they refusing, the present suit instituted. The only question raised by the affidavit of defense was whether the present suit is barred by reason of the matter being res adjudicata for the reason that it should have been included in the first suit. The authorities cited by the appellant are those which decide that a man cannot settle his cause of action by bringing two suits where one would suffice, that as to all matters which could have been presented in the first suit, a second suit cannot be maintained. All matters which might be put in issue are concluded by the judgment and should not again be the subject of litigation. It is hardly necessary to quote cases in support of this position, but we do not think that they apply to the present condition. Under the terms of the present contract, the metal was sold to the defendant by the plaintiff "f. o. b., Dover" and the title passed at that place and the railroad company became the agents for the defendants. When upon refusal of the metal, the carrier sold the consignment to pay its charges, it had then the right to ask the plaintiff to pay the charges of carriage, but as between the parties, the duty was upon the defendant to pay the freight.

The shipper is primarily liable to the railroad company for the freight and the carrier has nothing to do with the arrangements between the parties. This has been decided both by the Federal courts and by our own State courts. C. B. & Q. Railroad Co., v. James

B. Berry's Sons, 86 Pa. Superior Ct., 1; B. & O. R. R. Co., v. Foster Company, 81 Pa. Superior Ct., 304.

The plaintiff, having paid these charges, had the undoubted right to recover over from the defendant. When the suit was brought for the price of the metal, most of the demurrage charges did not exist and while the plaintiff could have paid the freight and obtained a right of action for the sum so paid against the defendant, he had no right of action until he had paid. The presumption was that the freight had been paid by the consignee. The right of the plaintiff to bring a suit for the freight and demurrage charges did not accrue until he had paid them and that was long after the first suit was determined. The consignee was ultimately liable for all storage and freight. Miller v. Seaman, 176 Pa. 291; Dannemiller v. Kirkpatrick, 201 Pa. 218.

The first suit is res adjudicata upon the question that defendants owed the plaintiff for the metal shipped and that adjudication carried with it, as between the parties, consignee's liability to pay the freight and demurrage charges. It is still requisite to the bringing of a suit that the amount claimed must be due and only such items as are due and demandable when the action is brought can be recovered in it. Stradley v. Bath Portland Cement Co., 228 Pa., 108; Conkle v. Laughlin, 83 Pa. Superior Ct. 468. The first cause of action was for the recovery of the price of goods sold and delivered. The second action was for payments made by the plaintiff by reason of the liability put upon him by law for which the defendant was ultimately liable and for which the right to sue was not in the plaintiff at the time the first action was brought. The separate actions were not brought for different parts of a single demand. Fields v. P. R. T. Co., 273 Pa., 282.

The judgment is affirmed.