Eidam v. The A. R. C. S. Bldg. & Loan Assn., Appellant.

Argued October 28, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Robert Levin,* for appellant.

*Philip Richman,* for appellee.

Opinion by Cunningham, J., January 25, 1933:

The action below was assumpsit. Plaintiff sought to recover from the defendant building and loan association the sum of $1,000, alleged to be due him under the terms of a written contract, having for its subject matter an extension of the time fixed for payment of the principal of a certain bond, accompanied by a mortgage on the premises at No. 664 North 11th

Street, Philadelphia. Defendant filed an affidavit of defense in lieu of a demurrer; the questions of law raised thereby were decided against it and a supplemental affidavit to the averments of fact in the statement was duly filed; plaintiff's rule for judgment for want of a sufficient affidavit of defense was made absolute and defendant has appealed.

Upon examination of the pleadings, we are satisfied no material facts are in controversy; the case turns solely upon the meaning of the contract, drafted and executed when the parties were thus situated.

On July 25, 1925, the then owners of the property had placed a mortgage thereon for $5,000 to secure the payment on July 25, 1930, of their judgment bond for that amount. Prior to July 1, 1930, plaintiff became the owner of this bond and mortgage; defendant, having acquired title to the mortgaged premises, requested him to grant it an extension of the time fixed for payment of the principal and he acceded, upon certain terms. Under date of July 3, 1930, the parties entered into an agreement which, after a preamble reciting the above facts, continued:

"1. The party of the second part [defendant] agrees to reduce the principal of the said mortgage by payments on account thereof as follows: One thousand dollars ($1,000) at the time of the execution of this agreement, receipt whereof is hereby acknowledged. And an additional one thousand dollars ($1,000) on July 1, 1931. In consideration whereof the party of the first part [plaintiff] agrees to extend the term of the said mortgage for a period of three (3) years from July 1, 1930; all the other terms and conditions of the said mortgage not inconsistent herewith to remain in full force and effect.

"2. It is further understood and agreed that nothing in this writing shall be so construed as imposing any personal liability on the part of the party of the

second part for the payment of any part of the principal of the said mortgage; it being distinctly understood and agreed that the party of the second part does not guarantee or assume payment of the principal of the said mortgage."

The payment of the $1,000, provided for upon execution of the agreement, was made but defendant defaulted on the second payment of $1,000, which it had agreed to make on July 1, 1931, and this suit was brought to recover that amount, with interest from that date.

The question of law raised by the statutory demurrer was that the suit could not be maintained because plaintiff, by the second paragraph of the agreement, had agreed that he would not attempt to enforce "any personal liability on the part" of defendant "for the payment of any part of the principal of the said mortgage."

The court below, in an opinion by ALESSANDRONI, J., decided this question against defendant upon the ground that, when the contract is interpreted as a whole, it is apparent that the provision of the second paragraph, to the effect that nothing in the contract should be construed as imposing any personal liability on the defendant for the payment of any part of the principal of the mortgage, was intended by the parties to apply only to the balance of $3,000, which, if defendant complied with its express undertaking in the first paragraph, would be the amount remaining unpaid after July 1, 1931.

We agree with the conclusion thus reached. It is the duty of a court, in ascertaining the intentions of the parties, to take into consideration the subject matter of the contract, the purpose to be effected thereby, the consideration passing to the respective parties and all the circumstances evidently surrounding them when they entered into the agreement: McMillin v.

Titus, 222 Pa. 500; Vulcanite Paving Co. v. Phila., 239 Pa. 524; Com. v. Nelson-Pedley C. Co., 303 Pa. 174.

We may safely assume that defendant, under the provisions of the Act of June 12, 1878, P. L. 205, 21 PS §655, was, up until the time of the making of the agreement, not personally liable for the payment of any part of the principal. Within a few days of the date upon which plaintiff could have enforced the mortgage against defendant's real estate, it sought, and, upon specified conditions, obtained relief from the impending danger. In order to induce plaintiff to grant the extension, defendant expressly bound itself to pay forthwith $1,000, on account of principal, and to pay an additional $1,000 on July 1, 1931. It would be difficult to conceive of "an agreement in writing" more expressly assuming "personal liability" for the payment of the second $1,000. As stated by the court below, the adoption of defendant's contention would defeat (by at least one-half) the consideration passing to plaintiff under paragraph one, and "amount to a contradiction in terms" within the component parts of the contract.

In its affidavit of defense upon the merits, defendant pleaded that on April 7, 1932, (more than eight months after it had defaulted in making its second payment on account of principal), plaintiff, through proceedings upon the judgment entered on his bond, enforced his lien against the mortgaged premises and at a sheriff's sale thereof, on May 2, 1932, became the purchaser under his bid of $50; that this bid was insufficient to pay the taxes and water rents which had accrued against the premises during defendant's ownership thereof; and that plaintiff, having paid the delinquent taxes, etc., brought suit, May 31, 1932, in the municipal court against defendant and recovered a judgment in the sum of $435.62.

The present suit on the contract was instituted May

24, 1932, and defendant now contends there can be no recovery in the case at bar because of the adjudication in the municipal court. Its theory is that plaintiff has attempted to split up a single cause of action and make it the basis for two suits; upon this assumption, it argues that the recovery upon a part of the cause of action in the municipal court operates as a bar to the present suit. This contention was rejected by the court below in an opinion by KUN, J., supporting the entering of a summary judgment. It was held, and we think properly, that the rule invoked by defendant does not mean that distinct causes of action, each of which would authorize independent relief, must be presented in a single suit. The writer of the opinion, citing 15 R. C. L. Sec. 440, p. 965; Fields v. P. R. T., 273 Pa. 282, and Lapat Co. v. Northern Metal Co., 92 Pa. Superior Ct. 63, held that the suits were based upon separate and distinct causes of action.

By defaulting on the payment due July 1, 1931, defendant breached the contract and the balance of the principal of the bond and mortgage became payable forthwith; as to $3,000 of this balance defendant never had any personal liability, but for $1,000 thereof it had assumed personal liability by its agreement in writing. Plaintiff was within his rights in endeavoring to enforce that personal liability by this action and looking to the property alone for the remainder of his debt.

But when he acquired title to the property, it developed that defendant, through its admitted failure to pay taxes assessed against the premises while it owned them, had also defaulted upon its personal liability to the city. The cause of action upon which the suit in the municipal court was based had its origin in this default. Payment of the taxes by plaintiff subrogated him, through the operation of equitable principles, to the rights of the city in the enforcement

of defendant's personal liability: Wood v. U. S. Natl. B. & L. Assn., 105 Pa. Superior Ct. 184. On the other hand, the cause of action here arose entirely out of defendant's agreement of July 3, 1930, to pay plaintiff $1,000 on the date fixed. A different legal relationship existed between the parties in the respective suits.

The only other defense suggested in the affidavit is thus stated in the sixth paragraph: "That the parties by paragraph two of the said agreement mutually meant and intended that in the event that the defendant failed to pay the additional $1,000 on July 1, 1931, that the defendant was not to be personally responsible therefor but that in such event plaintiff was to be free to foreclose the said mortgage and collect whatever moneys were due him out of the mortgaged premises only and the defendant avers that it executed the said writing on the faith of the said understanding."

This is merely a statement of defendant's contention and conclusion with respect to the meaning of the second paragraph of the agreement—a reiteration of the proposition of law raised by its statutory demurrer and which had theretofore been determined against it in the court below.

The distinction between this averment and those considered in the cases cited by defendant is that the latter were averments that the parties to the ambiguous writings there considered had "agreed" they should be interpreted in a certain way, or had, by their acts, placed a construction upon them.

What the parties in this case "mutually meant and intended" by their written agreement was for the court to determine, and this averment is clearly insufficient to prevent judgment.

In our opinion, defendant has not stated a meritorious defense; the matters properly pleaded are not even technically sufficient to prevent a summary judgment. Neither of the assignments can be sustained.

Judgment affirmed.