Philadelphia *v.* Heinel Motors, Inc., Appellant, et al.

Argued January 13, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*B. D. Oliensis,* with him *J. Harry Wagner, Jr.,* for appellant.

*Abraham L. Shapiro,* with him *Abraham Wernick,* Assistant City Solicitors, and *Ernest Lowengrund,* Acting City Solicitor, for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 22, 1943:

This appeal involves a controversy arising under an ordinance of the City of Philadelphia known as the City Sales Tax Ordinance adopted February 8, 1938.

The Sales Tax Ordinance (held valid by this Court in *Blauner's, Inc. v. Philadelphia*, 330 Pa. 342) imposed a tax of two percent upon retail sales within the city limits from March 1, 1938, to December 31, 1938. Vendors at retail were required to collect the tax from their vendees and at stated intervals to make returns showing the amount of retail sales during each period and pay over to the City the amount of tax due thereon. Heinel Motors, Inc., engaged in the business of selling automobiles at retail in the City of Philadelphia, filed returns for the periods ending June 30, September 30, and December 31, showing total sales for the three quarterly periods in the amount of $270,207.31. On February 18, 1941, the City filed this bill in equity against Heinel Motors and its president, John Heinel (later eliminated from the case), averring the company's returns for the periods in question were false, and asking for an accounting and incidental relief. Answers were filed, admitting total sales of $359,289.37, or $89,082.06 in excess of the amount returned, but denying liability as to such excess. After hearing, a decree was entered directing payment to the City of the additional sum of $1781.64, representing two percent of actual sales over the amount reported, plus interest and penalty. Exceptions filed by Heinel Motors, Inc. were dismissed, a final decree was entered awarding the City a total of $2601.19, and this appeal was then taken.

Here, as in the court below, non-liability for payment of the tax on the $89,082.06 unreported sales is urged on two grounds: (1) that the City, having recovered an award in a prior suit involving the return on sales for the period ending March 31, 1938 (affirmed on appeal to the Superior Court—*Phila. v. Heinel Motors, Inc.*, 142 Pa. Superior Ct. 493), is barred from

maintaining a separate action involving the returns for the three subsequent periods by the rule against splitting causes of action; and (2) that the excess of actual over reported sales represents payments under instalment sales contracts which were not payable or collectible until after December 31, 1938, when the ordinance expired. We all agree with the decision of the court below on both points and will affirm the decree entered.

(1) The so-called rule against splitting causes of action does not mean that distinct causes of action, each of which would authorize independent relief, must be presented in a single suit. "One person may, at the same time, hold several distinct causes of action against another, and may maintain an action on any of such causes, without prejudicing his right to proceed upon any of the others. The fact that they might all be joined in one action, or that they arise out of the same transaction, is immaterial": 2 Freeman on Judgments (5th ed.), section 588. See also *Eidam v. B. & L. Assn.,* 108 Pa. Superior Ct. 392, 397; 1 Am. Jur., Actions, section 100. No precise rule can be laid down for determining what makes an entire cause of action. It depends upon the facts of the particular case and, in the absence of exact precedent, is often a difficult question: *Hill v. Joy,* 149 Pa. 243, 246. The courts unanimously agree, however, that claim for taxes of different character, although for the same period, constitute separate causes of action on which separate suits may be brought; and, so far as we have been able to discover, the same view generally prevails with respect to actions involving claims for taxes for different taxing periods. This was squarely decided in *City of Davenport v. Chicago, etc. R. Co.,* 38 Iowa 633, where the court said (p. 639): "Each year's taxes constitute a distinct and separate cause of action . . . The taxes of separate years do not in any just sense grow out of the same transaction. They are like distinct claims on two different promissory notes made upon two

distinct and separate, though similar transactions between the same parties." See also *New Orleans v. Citizens' Bank,* 167 U. S. 371; 2 Freeman on Judgments (5th ed.), section 851; 1 C. J. S., Actions, section 103 (c) (10). Accordingly we hold that the earlier suit, relating solely to the return for the period ending March 31, 1938, constituted a separate cause of action, and that no violation of the principle against splitting of causes of action is involved. The rule is not altogether a matter of original legal right, but rather an equitable interposition by the courts to prevent a multiplicity of suits for reasons of public policy, and a case must be brought strictly within it to give it effect: *Secor v. Sturgis,* 16 N. Y. 548, 560; 1 C. J. S., Actions, section 103 (e).

(2) This same contention — that unreported sales represented payments under unmatured instalment contracts—was argued before the Superior Court in the prior litigation and disposed of as follows (pp. 501-02): "Appellant now urges that because the ordinance provides that 'the tax upon sales on the instalment plan shall be paid on the amount of each instalment and upon the date when such instalment is due' it follows that the decree could only go to the extent of compelling [it] to account for the amount of the instalments paid to [it] during the month of March on sales made in that month . . . Under the uncontradicted testimony . . . [appellant's] records were not kept on the instalment basis . . . If the appellant had confined [itself] to the collection of a tax on each instalment, [it] would be justified in resisting the claim of the City of Philadelphia for any amount in excess of 2% of the instalments collected each month, but where, as here, collection is made on the entire sales price, [it] cannot defeat the City's claim that [it] pay over the tax so collected." Admittedly the company's method of doing business, as shown by its books and records, was precisely the same during the three quarterly periods as in the period ending March 31, 1938, and hence the decision of the Su-

perior Court concludes the matter not only with regard to the latter period but for the subsequent periods now in question as well. This is nonetheless so because, as already stated, the causes of action are separate and distinct. As held by the Supreme Court of the United States in *New Orleans v. Citizens' Bank,* supra (pp. 396, 398) : ". . . the mere fact that the demand in this case is for a tax for one year, and the demands in the adjudged cases were for taxes for other years, does not prevent the operation of the thing adjudged, if in the prior cases the question of exemption was necessarily presented and determined upon identically the same facts upon which the right of exemption is now claimed." See also 2 Freeman on Judgments (5th ed.), section 851.

Decree affirmed at appellant's cost.