## EMLEN v. SOCIAL SECURITY BOARD.
### Civ. No. 3231.

District Court, E. D. Pennsylvania.
March 10, 1944.

John E. Forsythe and Shippen Lewis, both of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., and Francis M. Shea, Asst. Atty. Gen., for defendant Social Security Board.

Joseph A. Fanelli, Alfred S. Berg, and Hubert Margolies, all of Washington, D. C., for Department of Justice.

KIRKPATRICK, District Judge.

The widow and three unmarried minor children of Arthur C. Emlen have brought this action to review the decision of the Appeals Council of the Social Security Board denying them insurance benefits on the ground that Mr. Emlen at the time of his death had not a sufficient number of quarters of coverage to make him either a fully or a currently insured individual. Mr. Emlen died January 26, 1941 and the decision turned upon certain critical quarters between January 1, 1937 and January 1, 1941, in which it is conceded that he did not physically receive any money, the question being whether there was constructive payment of his salary in those quarters.

Mr. Emlen was the president of a corporation, Harrison, Mertz and Emlen, Inc. He was also the sole stockholder. He had complete authority over its finances includ-

ing the power to draw checks on the corporation's bank accounts without countersignature. By resolutions of the Board of Directors his salary was $4,000 during 1937 and 1938 and $3,000 during 1939 and 1940. In each of the quarters in question he was duly credited upon the books of the corporation with salary in excess of $50 per month, but in none of them did he actually draw it.

Regulations issued by the Board, in accordance with specific statutory authority, adopt the doctrine of constructive payment of wages as an administrative rule and carefully define its scope. The definition is, "Wages are constructively paid when they are credited to the account of or set apart for the employee so that they may be drawn upon by him at any time although not then actually reduced to possession. To constitute payment in such a case the wages must be credited or set apart to the employee without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that they may be drawn at any time, and their receipt brought within his own control and disposition."

The reason Mr. Emlen did not actually draw the salary credited to him is stated by his widow as follows, "He said he couldn't think of claiming salary—back salary—because the credit of the other creditors came ahead of him. * * * Furthermore, he realized that had he taken his salary in cash, it would have resulted in the corporation not having sufficient cash to pay its creditors, many of whom had extended credit to the corporation because of my husband's reputation in connection with the business. * * * After December 17, 1938, Mr. Emlen received no salary, thinking it more important for his creditors and employees and the ultimate good of the business, to leave in the business money which he might have withdrawn as salary to himself."

I think it plain that the test of whether there was a substantial limitation or restriction upon the availability of the funds must be sought outside of Mr. Emlen's own mind and motives. The very idea of constructive payment of necessity presupposes that the employee's failure to collect his wages resulted from the exercise of his own choice. Granted that the doctrine of constructive payment is a fiction it seems to me quite unnecessary to limit it by another fiction, namely, the idea of a self-imposed limitation arising solely from the employee's personal motives and reasons for not taking his pay.

The only question here is whether the conditions surrounding Mr. Emlen's business constitute substantial limitations or restrictions upon the availability of funds upon which he could have drawn for the payment of his wage debt. It is hardly necessary to invoke a liberal construction in favor of the employee. The letter of the regulation is sufficient. The word "substantial" was the Board's own choice and the amplification of it in the last clause of the regulation shows that immediate availability was intended to be the only test, and it seems clear that the impediment which the regulation refers to as a "substantial limitation or restriction" is something more objective than the employee's choice, whether that choice be based on considerations of honorable business dealing or a purely self-interested desire to keep a business afloat. An example of an objective but unsubstantial limitation would be the requirement of a countersignature of an officer whom the employee could easily control or replace.

Although there are general expressions by some courts to the effect that the doctrine of constructive payment should be sparingly applied, the considerations upon which the attitude (usually evinced in tax cases) is based do not apply here. Here we have a regulation which itself is an expression of policy on the part of the Board to administer the law liberally, and I see no reason why the courts should whittle down the advantages which it has voluntarily extended to claimants. Even in tax cases, or at any rate in some of them, the rulings have been quite broad enough to include the situation presented in the present case as constructive payment. In Freuler v. Helvering, 291 U.S. 35, 42, 54 S.Ct. 308, 311, 78 L.Ed. 634, the Court said, "The test of taxability to the beneficiary is not receipt of income, but the present right to receive it." In Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 337, 74 L.Ed. 916, the Court said, "The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not." In Gullett

500

v. Commissioner, 31 B. T. A. 1067, 1069, the Board of Tax Appeals said, "amounts due from a corporation but unpaid, are not to be included in the income of an individual reporting his income on a cash receipts basis unless it appears that the money was available to him, that the corporation was able and ready to pay him, that his right to receive was not restricted, and that his failure to receive resulted from exercise of his own choice."

When a corporation has but a single stockholder who is the employee in question, the mere fact that payment of wages to him will leave other creditors unpaid and may embarrass the corporation is not in my judgment what is meant by a "substantial" limitation as to "the time or manner of payment or condition upon which payment is to be made." I do not think that the evidence in this case will support a finding that the funds credited to Mr. Emlen were not "available to him so that they may be drawn at any time, and their receipt brought within his own control and disposition." This is the language of the resolution and unless such finding can be made, I think the conditions of constructive payment are met.

Judgment may be entered in favor of the claimants.