## Commonwealth v. Dr. Crandall's Health School

*John B. Pearson*, for appellant.

*Roland M. Morgan*, for Department of Labor and Industry.

WOODSIDE, J., September 9, 1946.—This comes before us on appeal from a reassessment made in accord-

ance with the provisions of section 304 of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended by the Act of April 23, 1942, P. L. 60, 43 PS §784. All the relevant facts are contained in a stipulation signed by counsel for both parties.

Defendant is a Pennsylvania corporation with its principal place of business at R. D. 7, York, Pa., where it maintains a health school or sanitarium, and employs individuals and pays wages.

For the last three quarters of 1937, and the first quarter of 1938, it filed a report of the wages that it admitted paying to its employes, but did not make payment of the tax or "contributions" thereon.

On September 16, 1938, the department instituted an action in assumpsit against defendant in this court to recover the contributions shown to be due by defendant's returns, and on September 17, 1939, judgment was entered in favor of the Commonwealth for want of appearance and affidavit of defense.

Defendant also filed returns for the last three quarters of 1938 and the first two quarters of 1939, but again did not pay the contributions shown by these reports to be due.

The Commonwealth, on August 1, 1940, instituted another action in assumpsit against defendant to recover the sum shown by the second group of reports to be due, and on September 24, 1940, obtained judgment therefor. These two judgments, with the exception of a small amount of interest, were paid.

Subsequent to obtaining these judgments the Department of Labor and Industry audited the books of defendant, and on January 27, 1944, made an assessment against it in the amount of $811.24. The audit covered a period longer than, but including the two periods for which suit had been brought. Upon petition of defendant for reassessment a hearing was held by the department, and a reassessment was made

in the sum of $348.38, plus interest, covering the period from 1936 to 1941, both inclusive.

The items upon which the contributions were reassessed by the department were:

(a) The salary of $2,000 per year for the years 1936 to 1939, both inclusive, voted by the board of directors of defendant to Dr. George Crandall about 1923 for services to be rendered by him in the operation and management of the school;

(b) A valuation for room and board furnished to certain of defendant's employes in addition to the cash wages paid to them by defendant. This amount was computed at the rate of $7 per week in conformity with the minimum value to the employe as established by departmental rules and regulations. The testimony establishes that the actual cost to the employer for such room and board was $4.50 per week.

Three main questions are presented for our determination:

1. Can the Commonwealth recover any additional contributions allegedly due during the periods for which they have already sued and obtained judgment?

2. Is defendant corporation liable for contributions upon the salary voted by it to one of its officers for services, which were subsequently rendered, even though said sum was not paid?

3. Is board and lodging furnished by appellant to its employes to be valued at $7 per week (its value to the employe) or $4.50 per week (its cost to the employer)?

1.

Splitting a cause of action is the bringing of an action for only a part of the cause of action. An action brought for part of an entire and indivisible demand and the recovery therein will bar a subsequent suit for the residue of the same demand: Buck v. Wilson et al., 113 Pa. 423, 430 (1886); Logan v. Caffrey, 30 Pa. 196,

200 (1858). This is true even though no evidence was given as to the part of the demand subsequently claimed: Hess v. Heeble, 6 S. & R. 57 (1820). The judgment settles everything involved in the right to recover. Not only matters that were raised, but those which might have been raised: Jenkins v. Scranton, 205 Pa. 598, 601 (1903).

The rule is applicable in suits for taxes: Roberts, Collector, v. Rosato, 15 D. & C. 696 (1930); Philadelphia v. Heinel Motors, Inc., et al., 346 Pa. 528 (1943).

Although the rule may be somewhat relaxed in equity cases involving the sovereignty, nevertheless, there apparently is no doubt it can be applied against the sovereignty: United States v. Pan-American Petroleum Co., 55 F.(2d) 753, 782 (1932).

When the Commonwealth filed its first statement of claim against defendant it alleged "the total amount of employer's contributions" due from defendant to plaintiff for the four periods in question was $115.31. In the second suit the Commonwealth alleges that "the wages paid or payable by the defendant herein" for the period involved was $5,134.71, and that "the contributions for the period as herein set forth" were $138.63.

Years after having obtained judgment on these suits containing these allegations, and without alleging any fraud, the Commonwealth now contends that it has the right to make a claim for additional contributions during the periods to which it referred in its two previous suits. We think the well established rule, referred to above, is applicable, and that the Commonwealth's two previous judgments prevent any further action for contributions during the same period. The very purpose of the rule is to prevent vexatious litigation. To permit the Commonwealth to bring a second suit for contributions covering the same period by the mere discovery of additional information, could well lead to the bringing of an indefinite number by the discovery of still more additional facts.

A situation quite similar to the one before us was considered by the Supreme Court in Philadelphia v. Heinel Motors, Inc., et al., 346 Pa. 528 (1943). In that case the City of Philadelphia had recovered an award in a prior suit for a sales tax involving the return on sales for the period ending March 31, 1938. It was alleged that this barred the city from maintaining a separate action involving the returns for the three subsequent periods because of the rule against splitting causes of action. Although the court held that the rule did not apply, the fact that it based this solely on the grounds that each period represented a separate cause of action, indicates that two suits for the same period would have been a violation of the rule against splitting of actions.

We think the Commonwealth can base nothing upon the fact that the present effort is being made to collect the tax through an assessment while the action was previously in assumpsit.

It was not until the amendment in 1943 that the department obtained the right to make an assessment. If it had no right to bring a second suit in assumpsit, the statutory power given it to assess taxes, could not create a liability upon the defendant to pay a tax for a period prior to 1943, which could not have been enforced against it at the time the amendment was passed.

### 2.

The minutes of defendant corporation show that in 1923 Dr. Crandall, the operating head of the sanitarium, was voted a "fee" of $2,000 by the board of directors. Defendant admits this fee to be a salary for services. Although these services were rendered by Dr. Crandall to defendant during the period for which contributions are claimed, the $2,000 was not paid to him. As the directors had approved the payment for services and the services were rendered, the

sum was legally enforcible and due. It was therefore "payable": Prentiss v. Kingsley, 10 Pa. 120 (1848); Bank of Pa. v. Wise, 3 Watts 394, 403 (1834).

Since the amendment of April 23, 1942, P. L. 60, the unemployment compensation tax is imposed upon "wages paid", but for the years involved in this case the law imposed the tax upon "wages paid or payable": Section 301 of the Unemployment Compensation Law of December 5, 1936, P. L. 2897, 43 PS §781. The cases of Morgan v. Social Security Board et al., 45 F. Supp. 349 (M. D. Pa.) (1942), and Emlen v. Social Security Board, 54 F. Supp. 498 (E. D. Pa.) (1944), cited by defendant, do not relate to "wages payable" and therefore are not relevant.

## 3.

The unemployment compensation tax is imposed upon "wages", which are defined as "all remuneration for employment including the cash value of all remuneration paid in any medium other than cash". Some of the employes of defendant received room and board as part of their remuneration. This cost defendants $4.50 per week to furnish. It is conceded that its value to the employes was $7 per week. Defendant claims it should have been assessed at only $4.50 per week.

The room and board was admittedly a form of remuneration paid in a medium other than cash. The tax is upon the "cash value" of such remuneration.

In determining what "cash value" meant in a fire insurance policy the Supreme Court held in Frick v. United Firemen's Insurance Co., 218 Pa. 409 (1907), that the cash value of whisky destroyed by fire could not be determined by taking together the cost of material, the expense of manufacturing the whisky, the charges of carrying it in bond, insurance and interest on the amount invested, but that the cash value within the meaning of the policy was the "market value" in the

wholesale liquor market at the time the whisky was destroyed.

It is true that there the court was dealing only with the value of goods, while here we are dealing with room and board which involves the use of premises and goods, and the rendering of services as well as the value of goods. Nevertheless, taken together, these things have a cash value. This cash value is not what it costs defendant but rather the market value of it. The market value of the board in this case, we think was $7. The department therefore properly assessed the remuneration for room and board at that rate.

We think all the facts necessary to an understanding of the opinion are set forth above. We have acted upon and filed plaintiff's request for findings of fact and adopted the first 13 (with a minor amendment shown thereon) as the findings of the court in this case.

### Conclusions of law

1. The Commonwealth is barred from bringing suit against defendant, or assessing contributions against it for the last three quarters of 1937, the year of 1938 and the first two quarters of 1939 by virtue of its having brought suits and obtained judgments for the unemployment compensation tax covering that time.

2. The $2,000 per year authorized by defendant's board of directors to be paid Dr. Crandall for services, which services were rendered, became "wages payable" and defendant is liable for unemployment compensation tax thereon, except as limited in conclusion 1.

3. The furnishing of room and board by defendant was remuneration paid in a medium other than cash and therefore "wages" upon which contributions are due. The "cash value" of the room and board furnished is not the cost to the taxpayer but its market value, which in this case was $7 per week.

4. Having found that defendant is liable for contributions on the basis reassessed only for the period not covered by prior suits, the amount of contributions due under 9 (e) of the stipulation of facts is $229.02, with interest of $174.29.

5. As thus modified the reassessment is affirmed and judgment should be entered in favor of plaintiff and against defendant in the sum of $403.31.

And now, to wit, September 9, 1946, the reassessment is affirmed as modified and judgment is directed to be entered in favor of plaintiff and against defendant in the sum of $403.31.