**MacPHERSON v. EWING, Federal Security Adm'r.**

No. 30273.

United States District Court
N. D. California, S. D.
July 28, 1952.

Johnson Morgan, Thorn, Speed & Bamford, San Jose, Cal., for plaintiff.

Holmes Baldridge, Asst. Atty. Gen., Chauncey Tramutolo, U. S. Atty., Edgar R. Bonsall, Asst. U. S. Atty., San Francisco, for defendant. Edward H. Hickey, Isador Lazarus, Attys. Department of Justice, Leonard B. Zeisler, Atty., Federal Security Agency, Washington D. C., of counsel.

GOODMAN, District Judge.

■ The defendant Federal Security Administrator denied the plaintiff's application for a lump sum death payment, under Section 202(g) Social Security Act, 42 U.S.C.A. § 402(g), upon the ground that her deceased husband had not earned wages for a sufficient period of time to make him an insured individual as provided in the statute. This action is to review the final decision of the Administrator. 42 U.S.C.A. § 405(g). Both parties have filed motions for summary judgment. The cause can be decided on the motions, since the court can determine, on the record before it, whether or not the decision of the Administrator is correct in law.

The primary issue, upon which the decision of the Administrator rests, is whether eight monthly payments of $300 each, paid by his employer to the deceased, during a period of the latter's illness, were wages. If even a small part of such payments constituted "wages", there would have been sufficient coverage for the deceased employee to have acquired the requisit status. In that event, the plaintiff would be entitled to the death benefit sought.

■ The court is convinced that section 209(a) of the Social Security Act,[1] in effect at the crucial time, compels the conclusion that the amounts paid to the deceased employee, as a matter of law, were "wages." The Administrator found the payments to have been what is designated as "generosity pay." The record shows that these payments were not pursuant to any benefit plan of any kind, which would have made them non-wages and thus excepted pursuant to Section 209(a) (3) of the Act.[2]

■ Whatever may have been the motives of the employer, whether prompted by generosity or selfishness, they are immaterial in determining the nature of the payments. The record, without dispute, shows that the relation of employer and employee existed.[3] To permit the Administrator to rest decision upon the *motives* of the employer or upon the *effectiveness* or *adequacy* of the employee's services or labor, absent any element of fraud or deceit, would be to entrust to him a power far beyond that statutorily conferred upon him.

Upon the record, therefore, the decision of the Administrator must be considered, in law, to be arbitrary and capricious.

Accordingly defendant's motion for summary judgment is denied; plaintiff's motion for summary judgment is granted as prayed.

Present judgment accordingly.

1. "The term 'wages' means all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash."

2. "(3) The amount of any payment made to, or on behalf of, an employee under a plan or system established by an employer which makes provision for his employees generally or for a class or classes of his employees (including any amount paid by an employer for insurance or annuities, or into a fund, to provide for any such payment), on account of (A) retirement, or (B) sickness or accident disability * * *."

3. During the eight month period referred to, the deceased employee was actually confined at home.