David HOWATT, Maude O. Howatt

v.

Marion B. FOLSOM, Secretary of Health, Education, and Welfare.

Civ. A. No. 21648.

United States District Court
E. D. Pennsylvania.

Aug. 12, 1957.

Alexander Schamban, Philadelphia, Pa., for plaintiff.

G. Clinton Fogwell, Jr., U. S. Atty., Henry J. Morgan, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The only question before the Court on this motion for summary judgment is whether the findings of the Referee, of which the Appeals Council has denied a review, are supported by substantial evidence. The Referee's findings that the claimant's services, on which his claim is based, were in fact performed by him as an employee of his son and that the creation of the corporation was a subterfuge to evade the provisions of Section 210(a) (3) of the Social Security Act, 42 U.S. C.A. § 410(a) (3), are based upon evidence which is practically undisputed, most of it coming from the claimant himself and his son. The only dispute is as to the inferences drawn from the facts by the Referee.

 "The finality of inferences and conclusions reached by (the Appeals Council) must be sustained if a substantial basis is found for them." Thurston v. Hobby, D.C., 133 F.Supp. 205, 211. "We think that the inferences which the Secretary thus drew were binding upon the district court. For they have the support of substantial evidence." Livingstone v. Folsom, 3 Cir., 1956, 234 F.2d 75, 77.

Of course, the proceedings to incorporate were regular and the corporation acquired a legal existence. In that sense, it was not a sham. What the Referee found to be a sham was the asserted employment of the claimant by the corporation rather than by his son. The Referee was not bound to decide the point from what the parties said the corporation was created for or what they said they intended to do with it but was entirely justified in basing his decision on what they actually did—namely, sell the son's apple crop and do some landscaping with his tools (both of which enterprises had been conducted by the son) and then abandon the ostensible corporate business.

There is nothing here to support the claimant's contention that the Referee's findings were not based upon substantial evidence except the existence of a legally constituted corporation which took over a part of the son's business for a short time. If this is enough, the provisions of Section 210(a) (3), excluding service performed by a person for a member of his family, might as well be repealed.

I find that the Referee's findings are supported by substantial evidence.

Judgment may be entered for the defendant.