Catherine C. **STARK**, Plaintiff,

v.

Arthur S. **FLEMMING**, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 38250.

United States District Court
N. D. California, S. D.

Nov. 23, 1959.

**540**

J. Warren Manuel, Oakland, Cal., for plaintiff.

Lynn Gillard, U. S. Atty., San Francisco, Cal., for defendant.

SWEIGERT, District Judge.

This is a motion by defendant for summary judgment pursuant to F.R.Civ. P. rule 56, 28 U.S.C.A.

The action was brought under Social Security Act, Sec. 205(g), 42 U.S.C.A. § 405(g) which provides for judicial review of final decisions of the Secretary of the Department of Health, Education and Welfare. The final decision of the Secretary presented for review in this action was a ruling to the effect that plaintiff was not entitled to old age benefits because she lacked a bona fide employment status, had not been paid "wages" and had acquired no coverage to qualify for a fully insured status under the Act.

On file, pursuant to the provisions of the Social Security Act, is the transcript of the record under review. The scope of judicial review is fixed by the provision of the Act that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

Briefly, the record shows that plaintiff, a widow, over sixty-five years of age, shortly after her husband's death, consulted with her son, an attorney, and proceeded to form a corporation, Stark Properties Incorporated, to which she contributed all of her assets—a leased out South Dakota farm; $4,199.10 in cash, both left to her by her husband, and her $2,000 equity in an Oakland duplex. She later contributed an additional $1,560 to the corporation.

In return she received 65 shares of stock and $20,000 worth of debenture bonds for her conveyance of the farm.

She became president and treasurer of the corporation under an agreement that she was to receive $400 a month as compensation for her services. Her son became its secretary, her daughter vice-president, both without remuneration, and the place of business was listed as the hotel room where plaintiff resided.

After careful review of the transcript and of the briefs which summarize the evidence from the points of view of the respective parties, we conclude that, as a matter of law, the decision of the Secretary, tested by the substantial evidence rule, must be deemed conclusive.

■ Although the facts of the case are in the main uncontroverted, they are subject to varying inferences, and for the inference drawn by the Secretary there is ample factual support. That factually supported inferences, even from uncontroverted facts are within the province of the fact finder, is well established. See Thurston v. Hobby, D.C., 133 F.Supp. 205.

■ The Secretary's decision and finding were to the effect that the purported employment by the corporation of the plaintiff as an officer with a salary of $400 per month for services rendered, was not in fact a bona fide employment for salary or wages, but a device only to make it appear that plaintiff was an employee within the meaning of the Social Security Act while in fact she was in effect converting into apparent employment income, income rentals from real estate which the Act (Sec. 211(a) (1), 42 U.S.C.A. § 411(a) (1) expressly excludes from the self employment income required to qualify for social security benefits.

Without attempting to set forth the evidence in detail, we merely point out that the evidence shows that plaintiff was actually connected with the corporation for only the precise eighteen months or six quarters required to give her an insured status; that her purported salary was fixed at precisely the amount, $400 a month, which would during the period entitle her to maximum benefits under the Act, although the corporation did not earn enough during the period to pay such salary from current earnings and in fact, paid the salary from capital which had been wholly contributed at the outset and on one later occasion to the corporation by plaintiff herself; that plaintiff's claimed services for the corporation were minimal in extent, of a kind incidental to ownership of the farm and duplex, whether owned by her directly or through a corporate device, and, further, strikingly disproportionate to the purported salary under the circumstances; that plaintiff severed her connection with the corporation, claiming illness, as soon as eligibility for social security benefits had been achieved; that never thereafter did the corporation pay salary to anyone for services rendered in connection with the corporate properties; that no plausible reason for the incorporation, except to evade an important provision of the Social Security Act, appears.

Certainly, it cannot be said that the finding and decision of the Secretary were without substantial support or that they were unreasonable or arbitrary.

The case is fairly comparable with Gancher v. Hobby, D.C.Conn.1955, 145 F. Supp. 461, 463, in which the decision of the Secretary was upheld under the substantial evidence rule. In that case the Secretary had pointed out: "There is nothing improper or questionable about a person entering bona fide employment for the express purpose of acquiring a wage record which will enable him to qualify for an old-age insurance benefit. Such action is clearly within the spirit, as well as the letter, of the law. However, it is a far different thing to create a relationship and give to certain payments the 'color' of 'wages' for the purpose of qualifying under a law such as the one here in question. That is neither within the letter nor the spirit of the law."

Rafal v. Flemming, D.C.E.D.Va.1959, 171 F.Supp. 490, distinguishable from the present case on its facts, noted that in Gancher there had been no bona fide

542

services rendered to the corporation and that the case had been correctly decided.

MacPherson v. Ewing, D.C.N.D.Cal. 1952, 107 F.Supp. 666, is quite distinguishable in its facts, and in the point decided which was that the payments involved were in fact and in law, wages within the meaning of the Act regardless of the motives of the employer in paying them to the employees during a period of illness.

In Lindgren v. Folsom (D.C.Or.1958, No. 9289, memorandum opinion in record of case on appeal, C.C. 9th, No. 16131), the facts, although somewhat different from the present case, amply supported the departmental decision there. The court's reversal of it, rather than the departmental decision, seems in our opinion to have been arbitrary and beyond the powers of the court to upset a reasonable and well founded department finding.[1]

▇ In the present case the department was well within its province in determining from all the circumstances the ultimate issue—i. e., whether the applicant had in fact been an "employee" in receipt of "wages" from a corporation or had in fact created a mere device to disguise the actual fact of receiving rents from real estate. Under the circumstances appearing in the record, the department as the fact finder, was amply justified in disregarding the flimsy and apparent corporate device. Howatt v. Folsom, D.C.E.D.Pa.1957, 160 F.Supp. 490; Anderson v. Abbott, 1944, 321 U.S. 349, 64 S.Ct. 531, 88 L.Ed. 793.

▇ Although the Social Security Act should be liberally applied to further its fine purpose, it should not be loosely applied, either by the department or the courts, to evade and defeat one of its provisions which, if not wise, is subject to amendment only by the Congress.

1. The above-cited case has, since the writing of this opinion, been reversed by the Ninth Circuit Court of Appeals,

For the foregoing reasons, the defendant's motion for summary judgment is granted and that of the plaintiff denied, and the defendant will prepare an order accordingly.

with directions to remand to the Administrator for further proceedings. Flemming v. Lindgren, 275 F.2d 596.