Catherine C. STARK, Appellant,

v.

Arthur S. FLEMMING, Secretary of the Department of Health, Education and Welfare of the United States, Appellee.

No. 16815.

United States Court of Appeals Ninth Circuit.

Oct. 20, 1960.

J. Warren Manuel, Oakland, Cal., for appellant.

Laurence E. Dayton, U. S. Atty., John Kaplan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, JERTBERG and KOELSCH, Circuit Judges.

PER CURIAM.

We hold Flemming v. Lindgren, 9 Cir., 275 F.2d 596, applicable here and that a similar result should be reached.

Appellant placed her assets—a farm and a duplex house—in a newly organized corporation. Then she began to draw $400 per month as salary. The Secretary has found the corporation was a sham. There is no doubt that the corporation was set up to qualify appellant in a short time for social security payments.

But here there seems to have been proper adherence to the normal corporate routines. And it is difficult to understand how the corporate arrangement would not have to be respected by others than the Secretary. And we think he must respect it, too.

Congress could have provided that the motivation to obtain social security by organizing a corporation would defeat the end. It did not.

The Secretary is justified in taking exception to the amount paid Mrs. Stark for her services by which she sought to qualify herself for the maximum amount of social security payments. The salary left little or nothing for a return on capital, and the capital was substantial.

So we think the Secretary is entitled to make an objective reappraisal of the salary to determine what would have been a reasonable salary for Mrs. Stark for the services she performed. One legitimate approach would be: What would a commercial farm agency in the vicinity of the farm have charged? And what would a rental agency in the vicinity of the duplex have charged for the same service? And perhaps she might be allowed slightly more than such agencies. It is not for us to review such de-

terminations within reasonable limits. When the Secretary determines a reasonable salary, then the amount of social security payments can be readily computed.

We, therefore, hold that the district court's judgment should be vacated and that the case should go back through the district court for direction to the Secretary to reevaluate the case on an approach consistent with what we have indicated herein.

Reversed.