Francis J. **DONDERO**, Plaintiff,

v.

Abraham A. **RIBICOFF**, Secretary of
Health, Education and Welfare,
Defendant.

Civ. No. 20257.

United States District Court
E. D. New York.

May 10, 1962.

David Altschul, New York City, for
plaintiff.

Joseph P. Hoey, U. S. Atty., E. D.
New York, for defendant. Kalman V.
Gallop, Asst. U. S. Atty., of counsel.

BRUCHHAUSEN, Chief Judge.

Each party moves for summary judgment.

The plaintiff, upon reaching the age
of 65 years on December 23, 1953, filed
a claim for old-age benefits. The defendant recognized the claim and paid
benefits to the plaintiff. In February
1958, further payments were suspended
upon an administrative determination
that the plaintiff had earnings in excess
of the amounts permitted by law during
the years 1954 through 1957. The defendant computed the overpayments at
$4,620 and demanded that the plaintiff
refund that amount, whereupon the plaintiff retaliated by instituting this action
for a reversal of the ruling.

This controversy pertains to the action
of the plaintiff in causing his salary,
paid by a corporation controlled by him,
to be substantially reduced, early in 1954,
and in placing his wife on the corporate
payroll at a substantial salary. If this
be a bona fide transaction, the plaintiff
is entitled to recover. Unquestionably
the plaintiff had the right to retire and
to cease or limit his business activities
and shift them to his wife or anyone
else. One of the defendant's contentions
is that the plaintiff's operation was a
mere paper transaction, without substance, a purported shift of salary to
the wife, without a shift of duties.

The plaintiff was the president and
general manager of the Dondero Holding Company, Inc., a family real estate
corporation, formed in 1930. He was
also the principal stockholder, owning
825 of the 900 outstanding shares. The
corporation had no office other than
plaintiff's apartment and little overhead
expense. Its principal asset was an improved parcel of real property in Flushing, New York, which had been leased
in 1940 for a term of twenty years with

an option of renewal for ten years. The corporation at no time declared dividends. The salaries and expenses consumed much of the earnings. Prior to 1954, the plaintiff's wife, Lillian Dondero received no salary. In 1953, the plaintiff's salary was $4,200. In 1954, the year in which plaintiff's claim for benefits was filed, his salary was reduced to $900 and for the first time the wife's name appeared on the payroll at a salary of $3,-120. Similar annual salaries are claimed to have been paid to the wife during each of the years 1955 through 1957.

The plaintiff testified before the hearing examiner. His wife did not appear. His testimony in substance is that his duties were to look after the real estate, make leases, collect rent and sign the checks; that in 1940 he transferred the corporate office to his apartment; that up to 1954, on some days he would spend the entire day in his duties and other days, very little; that in 1954 he felt he was getting old and had to transfer these things to someone in case anything should happen to him; that he had to instruct someone to carry the estate on; that his wife assumed the duties of renegotiating terms for a new lease with the tenant of the corporation's property, a task he admitted involved little work; that she discussed the renegotiation problems with him; that he was more familiar with real estate and its problems than was his wife; that she continued to perform all household chores and any typing which plaintiff might need (which did not occupy much of her time); that the typing concerned only the rental property; that she also maintained such records as the corporation kept.

Included among the exhibits are the corporate income tax returns and the joint returns of plaintiff and his wife for the years 1953 through 1957. The corporate returns disclose that the corporation paid no dividends and that it claimed deductions of the salaries under the heading "compensation of officers."

In the said joint returns all payments claimed to have been made by the corporation to them are scheduled as "wages" and not otherwise. In schedule K of the 1955 and 1956 returns, the plaintiff sets forth the amount of his claimed annual salary and his deductions therefrom and designates the balance as "earned income." In each of the returns for 1953 through 1956, the plaintiff deducts from his claimed salary the total amount, reported in schedule F of the return. Schedule F in each of those returns is headed "car used 75% for business." Under that caption is an itemization of depreciation, repairs, garage rent, telephone for business, salesman's license, etc. Under a similar heading in schedule F of each of the 1956 and 1957 returns is an additional item of "food, lodging and travelling for business." In 1956, the amount so claimed was $444.50 and in 1957, it was $1,089.79. In each of the five returns a deduction is claimed for "entertainment for business purposes, ranging from $110 to $375.

█ The determination under review is conclusive if supported by substantial evidence. This rule also extends to inferences drawn from the evidence, if a substantial basis therefor appears in the record. Rosewall v. Folsom, 7 Cir., 239 F.2d 724. See also Walker v. Altmeyer, 2 Cir., 137 F.2d 531.

█ A careful consideration of all of the aspects of this case, and the applicable law convinces the Court that the defendant's motion for summary judgment should be granted and the plaintiff's motion should be denied.

Submit order.