Jewett P. DUNLAP, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of Health, Education and Welfare of the United States of America, Defendant.

Civ. A. No. W–2324.

United States District Court
D. Kansas.

Aug. 9, 1962.

Branine & Chalfant, Hutchinson, Kan., for plaintiff.

Newell A. George, U. S. Atty., Wichita, Kan., for defendant.

WESLEY E. BROWN, District Judge.

This is an action for judicial review of a "Final Decision" of the Secretary of Health, Education and Welfare. The Final Decision of the Secretary of which plaintiff complains was rendered by the Appeals Council of the Office of Hearings and Appeals, Social Security Administration, Department of Health, Education and Welfare. The decision reversed the hearing examiner. The Appeals Council acted under the authority of Section 404.955 of Regulations No. 4 of the Social Security Administration (20 CFR 404.955) 42 U.S.C.A.Appendix which provides that the Appeals Council may on its own motion review a determination by a hearing examiner and "either affirm or reverse it."

The jurisdiction of this court in this action is based on Section 405(g) (42 U.S.C.A. ¶ 405(g)). It provides in part that:

"As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."

The Act further provides that:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

Section 405(g) (42 U.S.C.A. ¶ 405(g)) directs that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

We adopt the statement of the issue involved before this court as stated by the Secretary in his brief. Namely, is there,

"Substantial evidence in the record to support the Secretary's decision that the plaintiff's 'Old Age Insurance Benefit is subject to deductions under Section 203 (42 USCA § 403) of the Act * * *.' and that 'recovery of the overpayment cannot be waived under the provisions of § 204 (42 USCA § 404) of the Act'. Narrowing the issue, it is whether there is substantial basis for the Appeals Council's crucial finding that 'there was no actual transfer of the business' (a retail liquor store), by gift or sale by the claimant to his wife * * *.' and that recovery of the erroneous payment of benefits made to plaintiff in 1957 could not be waived because neither was plaintiff 'without fault' in causing the overpayment nor would recovery 'be against equity and good conscience'."

The undisputed facts show that the claimant, plaintiff herein, was fifteen years older than his wife; that he had previously worked as a superintendent of a construction company; that he had suffered two nervous breakdowns; retired from his job on the advice of a physician; and purchased a retail liquor store. In 1956, plaintiff suffered two serious illnesses. The facts show that plaintiff planned to transfer the liquor store to his wife prior to his reaching the age of 65; that he discussed with an inspector of the Kansas Alcoholic Beverage Control Board, hereinafter referred to as the A. B. C., the transfer of the liquor store to his wife. The facts show that all of the required steps were performed to the satisfaction of the A. B. C. even to the point of the plaintiff surrendering the key of the store to the A. B. C. inspector and the inspector handing it to plaintiff's wife.

The evidence also shows that the A. B. C., local officials, the bank, the city and county officials, and even the hearing examiner, recognized plaintiff's wife as the owner of the liquor store effective March 15, 1957. The evidence further shows that all insurance policies were assigned to plaintiff's wife and are carried in her name, that a new lease was made showing plaintiff's wife as the les-

sor of the building. The lease was a three year lease.

The findings of the Appeals Council, upon the uncontradicted record set forth above, concluded that a sale or transfer of a small business from husband to wife would not provide the usual finality of disposition of the business as would attach to its sale to one outside the immediate family and said:

"In practical effect the alleged transfer of the business appears to have gone no further than the change in the holder of the liquor license and the beneficiary shown on the business insurance policies. Other indicia of changed ownership and business operation are absent."

The foregoing conclusions of the Appeals Council is obviously in error. The Appeals Council failed to take into consideration the physical transfer of the property by the delivery of the key, the physical transfer of the leased premises, by the execution of the new lease, and the acknowledgement by state, city and county agencies charged with the enforcement of the state law that there was a valid transfer by the plaintiff to his wife. The Appeals Council has laid great stress on the reasons advanced by the plaintiff for the sale and transfer of the liquor store to his wife. We think the reasons for the transfer were immaterial. The "crucial" question was whether or not there was "an actual" transfer.

The Appeals Council found,

"The record clearly establishes that in compliance with the Retail Liquor License Law of the Alcoholic Beverage Control of Kansas, the claimant's wife was issued a liquor license on March 15, 1957 after submitting the alleged bill of sale executed by the claimant."

The laws of the State of Kansas, and in particular, Section 41–311, G.S. 1959 Supp. provides:

"No license shall be issued to: * * * (j) A person who intends

to carry on the business authorized by the license as agent of another."

The Appeals Council in the face of the transfer approved by the Kansas Alcoholic Beverage Control Board made a finding:

"Thus, as we view the entire record, it compels the conclusion there was no actual transfer of the business by gift or sale by the claimant to his wife and that the paramount reason for such "transfer" was merely to permit the claimant to continue to operate the business particularly as in the past by *using his wife as his agent* and as the apparent owner, in order to receive his benefits without loss." (Italics supplied).

We think that the Appeals Council erred in its interpretation of the facts and in the law. It should be noted that in matters involved in judicial or semijudicial hearings certain presumptions when based upon fact should be applied.

One of the basic presumptions is that when public officials or administrative tribunals have acted it is presumed,

"That they have proceeded regularly and have acted fairly, and that they have received all the testimony that was offered, and every reasonable intendment will be made in favor of their award." (Jones on Evidence, 5th Edition, Volume 1, ¶ 48).

In the present instance we have not only a finding by a state agency but a finding by the hearing examiner that there was a transfer of the business by the plaintiff to his wife. The Appeals Council adopted in part the hearing examiner's report stating that his "relevant evidentiary facts and such statement is incorporated herein by reference, but the Appeals Council does not adopt any of the hearing examiner's inferences, finding our conclusions based upon the evidentiary facts."

The Secretary acting through the Appeals Council, has by inferences, findings

and conclusions, held that there was no actual transfer of the business by gift or sale from plaintiff to his wife.

 The Secretary seeks to set aside the findings of the hearing examiner by basing his inferences, findings and conclusions not upon facts but upon presumptions. This is against the "generally accepted rule that presumptions must be based upon facts and not upon inferences or upon other presumptions." (Jones On Evidence, 5th Edition, Volume 1, ¶ 116, page 200).

> "Even in the case of a statutory presumption a proper and sufficient fact predicate is essential". (See Note 14 to ¶ 116 of Jones supra).

There is little difference here in the transfer by the plaintiff to his wife than if the plaintiff had made a transfer to a corporation to receive the benefits of the Social Security Act. In the case of Stark v. Flemming, 283 F.2d 410 (C.A.9, 1960), the Court said,

> "There is no doubt that the corporation was set up to qualify appellant in a short time for social security payments.

> "But here there seems to have been proper adherence to the normal corporate routines. And it is difficult to understand how the corporate arrangement would not have to be respected by others than the Secretary. And we think he must respect it, too.

> "Congress could have provided that the motivation to obtain social security by organizing a corporation would defeat the end. It did not."

 In the present case plaintiff complied with the laws of the state. Under the laws of the state it was a valid transfer. All other state, county and city officials were required to respect this transfer. We think the Secretary must respect it also. Had Congress felt that a man could not make a valid transfer of property to his wife, it would have said so. It did not. In view of the fact that the plaintiff made a valid transfer

on March 15, 1957, and that the plaintiff was not engaged in self employment after March 14, 1957, an overpayment of benefits does not exist, and plaintiff's benefits were not subjected to deductions under Section 203(b) of the Social Security Act.

It is the judgment of the court upon the pleadings and the transcript of the record that the decision of the Secretary be and the same is hereby reversed and remanded to the Secretary for proceedings in accordance with this opinion.

Prevailing counsel should prepare and submit an order in accordance with the views expressed herein.