**Morris NEWMAN, Plaintiff-Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 107, Docket 27716.**

United States Court of Appeals Second Circuit.

Argued Nov. 7, 1962.

Decided Nov. 23, 1962.

Leonard Bailin, New York City, for plaintiff-appellant.

Anthony J. D'Auria, Asst. U. S. Atty., New York City (Vincent L. Broderick, U. S. Atty., for the Southern Dist. of New York, and Philip H. Schaeffer, Asst. U. S. Atty., New York City, on the brief), for defendant-appellee.

Before MEDINA, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM.

Plaintiff sought old-age retirement benefits based upon his claim of retire-

ment on March 15, 1959. After suspension of his payments, hearings were held and evidence submitted through January 23, 1961, resulting in a determination that plaintiff had not in fact retired and was rendering services in his prior employment and receiving compensation therefor in excess of $2,080.00 per annum, the amount at which payment was to be totally suspended under Section 203 (b, e) of the Social Security Act, 42 U.S.C. § 403(b, e). The Hearing Examiner's decision of March 6, 1961 became a final decision of defendant upon denial of review by the Appeals Council of the Social Security Administration. Plaintiff then sought review under Section 205 (g) of the Social Security Act, 42 U.S.C. § 405(g). We hold that the District Court properly dismissed the complaint.

The evidence showed that after his alleged retirement plaintiff continued to retain substantial stock ownership in and his position as President of one of the two employing family corporations; that plaintiff continued to spend time in the offices of said corporations and admitted that he occasionally gave advice in the conduct of the business and transacted business in the absence of his brother, Herman, who continued his full time activities in the business; that plaintiff's former salary of $300 to $400 per month was paid to his son, Stanley, even though the son, a practising attorney, admitted that he had limited experience in the field of real estate management and that, unlike plaintiff who had devoted his full time to the business, he devoted only about one day per week thereto; that after this date Stanley commenced payment of plaintiff's monthly rental of $90.80; and that plaintiff's condition of health was not sufficiently impaired to preclude him from rendering substantial services.

During the years in question Section 203(e) (3) (B) (ii) of the Social Securi-ty Act, 42 U.S.C. § 403(e) (3) (B) (ii), required that a claimant show "to the satisfaction of the Secretary" that he was not receiving wages in excess of the statutory limit. Section 205(g) of the Act, 42 U.S.C. § 405(g) provides that the findings of the Secretary shall be conclusive if supported by substantial evidence. The testimony of plaintiff and his witnesses explaining his presence in the office as being only for social purposes and denying any services or compensation, was found by the Examiner to be "not convincing." Whether or not, upon initial consideration, we would have held that plaintiff's evidence was sufficient to overcome the statutory presumption standing alone, we cannot say that the Examiner's determination as to credibility and the inferences drawn by him from the facts were without substantial support on the whole record. N. L. R. B. v. Walton Mfg. Co., and N. L. R. B. v. Florida Citrus Canners Cooperative, 1962, 369 U.S. 404, 405, 82 S.Ct. 853, 7 L.Ed.2d 829 (joint opinion); Sherrick v. Ribicoff, 7 Cir., 1962, 300 F.2d 494; Gooding v. Willard, 2 Cir., 1954, 209 F.2d 913, 916. While we recognize that plaintiff had the right to choose to retire and receive his old-age benefits irrespective of any dividend or other non-wage payments he might receive, the record supports the inference that the payments nominally made to the son constituted a mere device to mask services actually rendered and compensation received by plaintiff.

While the Examiner properly ordered continued suspension of payments in 1961 under Section 203(g) of the Act, 42 U.S.C. § 403(g), on the reasonable expectation that the compensation received in previous years would continue, the proceedings hitherto had are without prejudice to a new application by plaintiff based on a new set of facts arising after January 23, 1961.

Affirmed.