Francis J. DONDERO, Plaintiff-Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 206, Docket 27666.

United States Court of Appeals Second Circuit.

Argued Jan. 16, 1963.

Decided Jan. 18, 1963.

Edgar T. Schleider, New York City (David Altschul, New York City, on the brief), for plaintiff-appellant.

Kalman V. Gallop, Asst. U. S. Atty., Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty. for Eastern Dist. of New York,

Brooklyn, N. Y., on the brief), for defendant-appellee.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

Upon attaining age 65, plaintiff applied for and received old-age insurance benefits of $85.00 per month beginning January 1954. In 1958 plaintiff reported a real estate commission of $3,800, precipitating a review of his social security status and resulting in a suspension by the Bureau of further payments and a direction of restitution of amounts previously paid to him in the years 1954 through 1957, totalling $4,620. Upon plaintiff's request a hearing was held on February 17, 1959. The Referee's Decision of April 15, 1959 affirmed the decision of the Board and held that plaintiff had received and was receiving wages in excess of $2,080 per annum, the amount at which benefits were to be totally suspended under Sections 203(b) and 203 (e) of the Social Security Act, 42 U.S.C. §§ 403(b) and 403(e). Upon denial of review by the Appeals Council of the Social Security Administration this decision became final and plaintiff then sought review in the District Court which dismissed his complaint, and he appeals. Opinion below reported at 205 F.Supp. 683. We hold this dismissal was proper.

The evidence showed that when plaintiff filed his retirement claim, he was president, general manager, principal stockholder and the only paid employee of the Dondero Holding Company, Inc., a real estate corporation formed in 1930, whose principal assets were a parcel of improved real estate yielding an annual rental of $10,000 and bank accounts and securities yielding annual interest and dividends of $1,000. Plaintiff's salary of $4,200 and business expenses consumed most of the earnings. Plaintiff's apartment served as office, with light secretarial work performed without compensation by his wife. After his "retirement" in 1954, plaintiff's salary was reduced to $900 per annum and for the first time the wife was put on the payroll at $60 a week, although the somewhat minimal duties and services performed by each did not materially change and the plaintiff at all times remained the "moving force" of the operation.

The Referee thought that plaintiff's testimony was discredited by the circumstances above outlined, and that the record established a "scheme of shifting wages" whereby plaintiff indirectly received "remuneration which is, in effect, wages to him." We hold that these determinations were permissible and supported by substantial evidence as required under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Newman v. Celebrezze, 2 Cir., 1962, 310 F.2d 780; Poss v. Ribicoff, 2 Cir., 1961, 289 F.2d 10, cert. denied, 368 U.S. 902, 82 S.Ct. 178, 7 L.Ed.2d 96, rehearing denied, 1962, 368 U.S. 963, 82 S.Ct. 393, 7 L.Ed. 2d 393; Walker v. Altmeyer, 2 Cir., 1943, 137 F.2d 531, 533–34.

In so holding, we reaffirm our prior statement in Newman v. Celebrezze, supra, that a claimant has the right to receive old-age benefits "irrespective of any dividend or other non-wage payments he might receive." This principle, however, is inapplicable to the instant case since the joint income and corporation tax forms and the other relevant evidence established that the moneys, potentially payable as rents, dividends, and interest, with the attendant disadvantages involved in this form of distribution, were actually paid out and consistently treated as wages earned. Nor do we find in the decision below any attempt to penalize plaintiff for corporate or individual income tax procedures which may or may not be questionable.

The proceedings hitherto had, of course, constitute only an adjudication as of the time through which evidence was submitted, and are without prejudice to a new application by plaintiff based on a new set of facts. Newman v. Celebrezze, supra.

Affirmed.