**Roland L. SOMERS, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 5024.**

United States District Court
E. D. Virginia,

Norfolk Division.

May 11, 1966.

Willcox, Savage, Lawrence, Dickson & Spindle, Richard B. Spindle, III, Norfolk, Va., for plaintiff.

C. V. Spratley, Jr., U. S. Atty., Norfolk, Va., for defendant.

WALTER E. HOFFMAN, Chief Judge.

This action is instituted by Roland L. Somers to collect old age insurance benefits under the Social Security Act for the years 1962 and 1963. On July 31, 1964, the hearing examiner, acting as the authorized representative of the Secretary of Health, Education and Welfare, determined that plaintiff was entitled to old age benefits for the year 1962, subject to deduction of $150.00 based on income of $1,500.00. The Appeals Council of the Social Security Administration on February 4, 1965 reversed the decision of the hearing examiner, ruling that plaintiff had self-employment income during 1962 and 1963 in amounts sufficient to cause deductions from otherwise available benefits to the extent that plaintiff was denied any benefits for 1962 and 1963. The matter is before this Court on a review of the decision of Secretary acting through the Appeals Council.

In light of the Court's decision, it is only necessary to relate a brief statement of the facts pertinent to the narrow issue upon which this case turns. During the years in question, plaintiff served as Chairman of the Board of Supervisors of Accomac County on the Eastern Shore of Virginia. From this position he received annual compensation of $1,500.00 which required an undisputed deduction of $150.00 from his old age benefits. In 1961 plaintiff caused to be incorporated under the name of Somers Produce Company, Inc. his farming operations which had previously been owned and operated by him as a sole proprietorship. He served as president of the corporation and owned all of the outstanding stock. In effect, he maintained complete ostensible control over the corporation. Somers Produce Co., Inc. elected under the Internal Revenue Code, Subtitle A, Chapter 1, Subchapter S, 26 U.S.C.A. §§ 1371 et seq., not to have its income taxed in the normal corporate manner. Although there is strong evidence to the contrary, this Court, only for the purpose of disposing of the issue here presented, accepts as a fact the inferential finding of the Appeals Council that plaintiff did perform services for the Somers Produce Co., Inc., during the years in question. However, plaintiff did not in fact receive any income from that corporation during 1962 or 1963 in any form—salary, dividends or otherwise. Thus, assuming that plaintiff performed services, but in fact received no income therefor, the issue presented is whether the Secretary can *create* income by placing a dollar value on services rendered to a corporation by its sole stockholder and declare that such value was constructively received as income in determining the deductions applicable to such stockholder's old age social security benefits.

The thrust of the Secretary's contention is that plaintiff received constructive dividends under the Internal Revenue Code and that such constructive dividends may be reclassified as salary for services rendered. Admittedly, where dividends are *in fact* received by the sole stockholder who has performed services for his corporation, there may be authority for permitting the Secretary to reclassify the *de facto* dividends as salary to reflect appropriate compensation for such services. Gant v. Celebrezze, CCH, UIR, Fed. para. 16198 (M.D.N.C.1964). Additionally, there is substantial authority for the general principle that the Secretary can allocate funds in fact paid out by a corporation in order to properly reflect

the value of services rendered by employees and to prevent fraudulent arrangements which are tantamount to "shifting wages." Dondero v. Celebrezze, 312 F.2d 677 (2 Cir., 1963); Newman v. Celebrezze, 310 F.2d 780 (2 Cir., 1962); Poss v. Ribicoff, 289 F.2d 10 (2 Cir., 1961); Stark v. Flemming, 283 F.2d 410 (9 Cir., 1960); Flemming v. Lindgren, 275 F.2d 596 (9 Cir., 1960); Brannon v. Ribicoff, 200 F.Supp. 697 (D.Mont. 1961). However, no case has been cited nor found by this Court which authorizes the Secretary to "*reallocate*" moneys which have never in fact been distributed in any form by the corporation involved.

If it be a proper statement of the law that one can enter into an arrangement to receive wages for the sole purpose of bringing himself within the coverage of the Social Security Act if, in fact, he renders services for which he is paid in accordance with such arrangement, as stated in Rhoads v. Folsom, 7 Cir., 252 F.2d 377, 380, and Rafal v. Flemming, E.D.Va., 171 F.Supp. 490, 492, we see no reason why a principal stockholder is precluded from entering into an arrangement *not* to receive wages for any services performed. As stated in Stark v. Flemming, 9 Cir., 283 F.2d 410, "Congress could have provided that the motivation to obtain social security by organizing a corporation would defeat the end. It did not."

The Secretary relies upon provisions of the Internal Revenue Code in attempting to establish that plaintiff received dividend income. As to small business corporations which elect under 26 U.S.C.A. §§ 1371 et seq., not to have their income taxed as a corporation, § 1373(b) requires that the undistributed taxable income shall be included in the gross income of the stockholders in the respective amounts that each shareholder would have received as a dividend to the same extent as though there had been a pro rata distribution of the corporation's undistributed taxable income. Thus for income tax purposes, plaintiff would be required to include in his personal gross income the entire taxable income of Somers Produce Co., Inc. since none of the same was distributed.

Section 1373(b) states in part as follows:

"*For purposes of this chapter,* the amount so included shall be treated as an amount distributed *as a dividend* on the last day of the taxable year of the corporation." (Emphasis added)

42 U.S.C.A. § 411(a) defines the term "net earnings from self-employment" as the amount of gross income computed under the income tax provisions of the Internal Revenue Code, which include 26 U.S.C.A. § 1373(b), supra. It is from this language that the Secretary finds a constructive dividend which he in turn reclassifies as salary.

However, in so finding a constructive dividend for the purpose of figuring deductions from old age benefits, this Court feels that the Secretary is in error. This decision is based upon several factors. First, by the plain language of the above-quoted section of the Internal Revenue Code, the constructive dividend thereby created is *limited* in effect to income tax purposes. There was obviously no specific legislative intent to include these constructive dividends as self-employment income for social security purposes since 26 U.S.C.A. § 1373(b) did not become a part of the Internal Revenue Code until 1958, whereas 42 U.S.C.A. § 411(a) incorporated the general income tax provisions from its original enactment in 1935. Furthermore, despite the existence since 1958 of the language of 26 U.S.C.A. § 1373(b) apparently limiting its effect to that chapter, no amendment has been made in the social security laws to include the constructive dividends as income thereunder.

It is recognized that the limiting provision of the last sentence of § 1373(b) may refer only to the treatment of the undistributed taxable income *as a dividend* rather than to the inclusion of such amount as income. Thus there would be income to be included under the Internal Revenue laws although it would not be classified as a dividend by reason of §

1373(b). However, it would appear that this element of income must be regarded as a dividend as opposed to other classifications of income since it is derived from "undistributed taxable income."

Looking upon this income as a dividend, it is significant that 42 U.S.C.A. § 411(a) (2) excludes dividend income from self-employment income. Thus the propriety of deducting the alleged income turns upon the ability of the Secretary to reclassify a constructive dividend as wages.

Before meeting this issue, an additional ground for not finding a constructive dividend for social security purposes on the basis of 26 U.S.C.A. § 1373(b) is to be stated. The apparent purpose of that provision is to require the shareholders of an electing corporation to include the corporation's undistributed taxable income in their personal income in order that such corporate income will not escape taxation. Such inclusion, in effect, puts the undistributed income of the electing corporation in the same status taxwise as the undistributed income of a nonelecting corporation—each has been taxed once. Surely the Secretary would not maintain that the shareholders of a nonelecting corporation had received a constructive dividend out of the undistributed income. In light of the purpose of 26 U.S.C.A. § 1373(b) to treat the undistributed income of an electing corporation similarly to that of a non-electing corporation taxwise, there appears no valid reason for permitting the Secretary on the basis of that section to treat for social security purposes the undistributed income of an electing corporation differently.

Assuming *arguendo* that there has been a constructive dividend under the Social Security provisions, and assuming further that the Secretary can reclassify a *de facto* dividend as salary or earnings from self-employment, there is no authority for the Secretary to so reclassify a *constructive* dividend. It is upon this ground that the Court bases its decision in this case.

A view to the theory behind the reclassification of a *de facto* dividend is helpful here. Such a reclassification is necessary where funds are in fact received as a dividend and which would be excluded from self-employment income as a dividend under 42 U.S.C.A. § 411(a) (2). Thus the absence of a reclassification would permit the receipt in fact of income in return for services which income would not be applied against social security benefits. However, no such reclassification is required where no funds are in fact received.

The Secretary relies upon 26 U.S.C.A. § 1375(c) as authority for a reclassification of the constructive dividend. This section is not in point here. That section deals with the proper allocation of dividends created under § 1373(b) among shareholders who are members of the same family in order to properly reflect the value of services rendered to the corporation by such shareholders. This allocation of constructive dividends among members of the same family is far different from the creation of income.

As an alternative to reclassifying constructive dividends, the Secretary alleges that the undistributed income of Somers Produce Co., Inc. should be regarded as wages under 20 C.F.R. § 404.1026(a) (9). This regulation provides for a "constructive payment" of wages where the wages have been credited or set apart to the employee and are in effect available to the employee upon his demand. The requisite crediting or setting apart is not present here. Therefore, the undistributed income of Somers Produce Co., Inc. does not constitute wages to the plaintiff.

Further, the alleged authority of the Secretary to so reclassify a constructive dividend or to treat the amount here involved as wages does not appear to this Court to be in accord with the purpose of the deductions made under the Social Security laws. The deductions are imposed to prevent a person from receiving Social Security benefits when he has a certain amount of money *in fact* coming to him from other sources. The Social

Security benefits are not appropriate where the eligible person has money in his hands for his expenditures. The policy for the deductions does not stand up where money is not received in fact but rather only received constructively.

In holding that no deductions can be made from plaintiff's old age benefits on the basis of alleged constructive dividends allegedly received from Somers Produce Co., Inc., the Court does not pass upon whether plaintiff in fact performed any services for that corporation in the years in question. Consequently, no consideration is given to the value of such services, if any.

1.

In accordance with this opinion, the Secretary is obligated to pay to plaintiff the old age benefits to which he is entitled for the years 1962 and 1963 with no deductions made therefrom on the basis of his ownership of the stock of Somers Produce Co., Inc., but allowing deductions of $150.00 per year for his income from the Board of Supervisors of Accomac County.

Counsel for plaintiff will prepare an appropriate order consistent with the views expressed herein.