Cecil B. REYNOLDS

v.

John W. GARDNER, Secretary of Health, Education and Welfare.

No. 65–C–93–R.

United States District Court
W. D. Virginia,
Roanoke Division.

Nov. 23, 1966.

E. Griffith Dodson, Jr., Dodson, Pence, Coulter, Viar & Young, Roanoke, Va., for claimant.

William C. Breckinridge, Asst. U. S. Atty., Roanoke, Va., for defendant.

OPINION

MICHIE, District Judge.

Claimant, Cecil B. Reynolds, filed a claim for old age benefits with the Social Security Administration on June 1, 1964. He was notified that he was entitled

to a monthly benefit of $100 beginning July, 1964, and that his wife was entitled to a monthly benefit of $45, but that claimant's work and earnings did not permit the payment of benefits while he continued to render substantial services in self-employment. After a hearing on the matter, the Hearing Examiner held the original denial of benefits to be proper. When the Appeals Council found the Examiner's determination to be correct and refused further review, the Examiner's decision became the final decision of the Secretary. Claimant brings the present action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), which provides for court review of a final decision of the Secretary.

For at least the past 23 years claimant has earned a living as an accountant and bookkeeper. In October, 1943, he moved to Roanoke and opened his own business in an office located in a garage adjoining his home. Services rendered by claimant have usually been to small business firms which have had no full-time employees to balance books, fill out tax returns and complete similar records. Before July 1, 1964 the business was run solely by claimant with the exception of some incidental services rendered without pay by claimant's wife.

■■ According to claimant's testimony, he sold his business to his brother, H. A. Reynolds, on July 1, 1964 in exchange for a demand note of $7500. Though the record is replete with formal documents purportedly effecting such transfer, the Hearing Examiner found that the "transfer * * * was simply a device or subterfuge to attempt to avoid deductions from his [claimant's] social security benefits" and that claimant continued to be self-employed after July 1, 1964. Quite correctly, the Hearing Examiner did not imply or suggest that there is anything improper with an individual's divesting himself of self-employment for the purpose of avoiding deductions. Claimant's motive for selling his business would not in itself deprive him of social security benefits as

long as a sale was in fact made. See Sabbagha v. Celebrezze, 345 F.2d 509, 511 (4th Cir. 1965). But the Hearing Examiner found that, regardless of his motives, claimant in substance never actually transferred his business to his brother. Whether this transaction between claimant and his brother was a valid, *bona fide* sale of the business is, of course, the pivotal point in this case for if the sale was nothing but a sham, under the Social Security Act, the benefits that claimant would have been entitled to will be completely offset by deductions. According to § 203(b) of the Act, self-employment income must be applied against retirement benefits. If claimant can prove that the business was in fact transferred to his brother most of the money he now receives annually can be treated as capital gain from the sale of the business rather than self-employment income and there will be no deductions.

■ Under the Social Security Act the question that this court must answer in reviewing a decision of the Secretary is whether the findings below are supported by substantial evidence. Sabbagha v. Celebrezze, supra at 510. The entire record, both facts and inferences that can be drawn from these facts, is to be considered. To reverse the Secretary's decision, it is not enough that this court find that a decision to the contrary would also be reasonable, rather this court must come to the conclusion that the decision below was not rational. Simmons v. Celebrezze, 362 F.2d 753 (4th Cir. 1966); Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). See also, Gaston v. Gardner, 247 F.Supp. 441, 442 (D.C.S.C.1965). When viewed in this light, the decision of the Secretary in the present case must be upheld. Though there are a few facts which are in claimant's favor, there is certainly substantial evidence to support a finding that the business was transferred in form only and that Cecil B. Reynolds continued to own and operate his business after July 1, 1964, the date of the alleged sale,

as he had before that date.* No one can dispute that the Secretary is permitted to look through form to substance. Flemming v. Lindgren, 275 F. 2d 596 (9th Cir. 1960).

No money has ever been paid by claimant's brother in exchange for the business he purportedly received. The brother gave claimant a demand note for $7500 but payments were made on it, not from the brother's pocket, but from profits actually made from the business. These very profits were earned by the work of claimant and his wife just as they had been earned before the alleged sale. After the "sale" business continued to operate under the trade name of C. B. Reynolds Bookkeeping and Tax Service. Though a written agreement supposedly gives the brother supervisory powers over the claimant, as a matter of fact, no supervision has yet been exercised and the claimant is left to run the business in his own discretion. The brother does not come to the office but 2 or 3 times a month and at the time of the hearing below he was operating his own salvage disposal business. After the alleged transfer a checking account was opened in the name of the brother but claimant and his wife could and did draw money from the account without actual approval from the brother. Perhaps the brother did have the right to approve every check drawn but he did not always exercise that right as evidenced by the fact that the account had been reduced without his knowledge by some three hundred dollars or more at the time of the hearing.

The brother has yet to receive a penny from the business earnings. All income from the business either goes to pay claimant's salary, the wife's salary, the rent owed the claimant, or interest and installments on the demand note. In the twelve months after his alleged retirement, total income has even been in excess of claimant's average income prior to 1964. One might argue that after the note is finally paid off, the brother will have acquired a valuable asset but this is unlikely. The physical assets of the business are rather insignificant, consisting of a small amount of office equipment such as one adding machine, one typewriter, a few chairs and filing cabinets, etc. Further, any good will that the business has would be reduced considerably should claimant decide to stop work altogether. In sum, the claimant's brother has paid nothing and received little, if anything, in this transaction.

In view of the foregoing, this court has no choice but to uphold the Secretary's decision. A judgment will be rendered accordingly.

---

* In passing it may be worthwhile to examine the standards that a hearing examiner must apply in determining whether "substantial services" in self employment are being rendered. See 20 C.F.R. § 404.416, especially the third factor listed (the relationship of the individual's activity performed prior to the time he allegedly retired with that performed thereafter).