**Mrs. Ione COLUSSI, widow of Mr. Louis J. Colussi, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 79–71 Erie.**

United States District Court,
W. D. Pennsylvania.

June 28, 1972.

56. The only issue to be decided is whether the decision of the hearing examiner (which became the final decision of the Secretary) was supported by substantial evidence.

The hearing examiner found that the deceased plaintiff (hereinafter "claimant") had for many years conducted, as sole proprietor, a tile and marble business. The claimant qualified for retirement insurance benefits in November of 1968, but payments were withheld since claimant estimated he would earn more than $10,000 that year. On August 4, 1969, claimant requested reconsideration, stating that his business had been incorporated and that he would not earn over $1,680 that year, that poor health prevented him from rendering substantial services, and that he should receive benefits retroactively from January 1969. The plaintiff now claims benefits from that date through claimant's death in March of 1971.

The business was in fact incorporated, and both plaintiff and defendant set forth two versions of the stock issuance, which are not germane here, since the only dispute is whether claimant actually received compensation in excess of $140 per month.

The hearing examiner on substantial evidence found that the claimant remained active in the business to the same degree after its incorporation as he did before, with the exception of physical labor. The claimant's individual tax returns for 1969 show he received $810 in wages and $4,900 in rent from the corporation. The corporation had a net profit of $7,891, after deducting the above rent as a business expense, but there is no evidence of any distribution of this sum. The plaintiff's contention is that the examiner's allocation of the $4,900 as a wage payment to the claimant was erroneous as a matter of law. If the hearing examiner's conclusion was supported by substantial evidence, however, there is no argument that the benefits were correctly withheld under § 203 [42 U.S.C. 403].

Louis A. Colussi, Erie, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

This is an action pursuant to 42 U.S. C.A. § 405(g), seeking review of a final decision of the Secretary of Health, Education and Welfare, which denied retirement insurance benefits to deceased plaintiff for the period beginning in November of 1968 and ending March 9, 1971, the date of the original plaintiff's death.

Both parties have moved for Summary Judgment, pursuant to Fed.R. of Civ.P.

Plaintiff relies heavily on Somers v. Gardner, 254 F.Supp. 35 [E.D.Va.1966], where the court held that corporate income could not be allocated to self-employment income for the purpose of reducing benefits, where the claimant in fact did not receive income from the corporation *in any form,* even if he rendered substantial services to the corporation. The court further said " . . . deductions are imposed to prevent a person from receiving Social Security benefits when he has a certain amount of money in fact coming to him from other sources."

If, therefore, the Secretary's finding that the $4,900 "rent" was unreasonable as rent, and was really a payment to the claimant is supported by substantial evidence, the decision of the Secretary must be affirmed.

■ Upon review of the entire record, and while we do not agree with the overriding emphasis which the examiner placed on characterizing the corporation as a "sham", we cannot say that the finding of the Secretary that the claimant was an employee who received more than $140 per month was unsupported by substantial evidence. The findings of the Secretary, if supported by substantial evidence, is conclusive, and this extends not only to basic evidentiary facts, but also to inferences of which facts are reasonably susceptible, and the only questions open for determination on review are whether on the record as a whole there is substantial evidence to support factual determinations made by the Secretary, and whether his ultimate decision has a reasonable basis in law. Maloney v. Celebrezze, 337 F.2d 231 [3rd Cir., 1964].

"Additionally, there is substantial authority for the general principle that the Secretary can allocate funds in fact paid out by a corporation in order to properly reflect the value of services rendered by employees and to prevent fraudulent arrangements which are tantamount to 'shifting wages.' Dondero v. Celebrezze, 312 F.2d 677 [2 Cir., 1963]; Newman v. Celebrezze, 310 F.2d 780 [2 Cir. 1962]; Poss v. Ribicoff, 289 F.2d 10 [2 Cir. 1961]; Stark v. Flemming, 283 F.2d 410 [9 Cir. 1960]; Flemming v. Lindgren, 275 F.2d 596 [9 Cir., 1960]; Brannon v. Ribicoff, 200 F.Supp. 697 [D.Mont.1961]." Somers v. Gardner, cit. supra, 254 F.Supp. pp. 36 and 37.

■ In brief all that was accomplished here by the change of this proprietorship to a closely-held corporation was that claimant ceased to draw his net profit from the sole proprietorship, put himself on a salary sufficiently low to qualify for the social security retirement benefits, continued his former duties on behalf of the business enterprise, and withdrew from the corporate gross income the sum of $4,900 as rental for the real and personal property which he had previously employed in carrying out the business as a sole proprietorship. This is not "the sort of income arising from the passive property ownership" that is excluded from net earnings under the act. Delno v. Celebrezze, 347 F.2d 159 [9th Cir. 1965].

In arriving at our determination we do not mean to imply that there are many legitimate purposes to be served by incorporating a small family-owned business, and that one of these may well be to permit a former proprietor to qualify for social security retirement benefits. However, the actual results achieved in the instant case, regardless of motive, are such that the Secretary had substantial evidence to conclude that the corporate employee received wages in excess of the statutory maximum regardless of the form in which such payment was made.

The decision of the Secretary will be affirmed.