Ruth S. WEISENFELD, Appellant,

v.

Elliott J. RICHARDSON, Secretary of
Health, Education and Welfare.

No. 71–1686.

United States Court of Appeals,
Third Circuit.

Argued June 6, 1972.

Decided July 12, 1972.

James J. Shrager, Hannoch, Weisman, Stern & Besser, Newark, N. J., for appellant.

William J. Hunt, Asst. U. S. Atty., Herbert J. Stern, U. S. Atty., Newark, N. J., for appellee.

Before ADAMS, MAX ROSENN, and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

Appellant Ruth S. Weisenfeld brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education, and Welfare to impose deductions against her widow's insurance benefits for the year 1967. In the District Court the facts were stipulated and both parties moved for summary judgment. The Government's motion was granted, and Mrs. Weisenfeld appeals.

There is no dispute that Mrs. Weisenfeld became entitled to widow's insurance benefits in January 1966. *See* Social Security Act, § 202(e), 42 U.S.C. § 402(e). Our sole concern is whether the Secretary was correct in imposing deductions.

The stipulated facts show that in 1967 Mrs. Weisenfeld held 25 percent of the stock in both of two family corporations which owned real estate leased to commercial tenants. Her mother and sister held the remaining stock. Mrs. Weisenfeld was Secretary and a director of both corporations. Her duties, which consumed only three or four hours per month, were to sign leases, attend directors' meetings, and deposit checks. The management of day-to-day corporate business was the responsibility of Mrs. Weisenfeld's son.

For the years 1966 and 1967, Mrs. Weisenfeld's income from the corporations consisted of the following:

| | 1966 | 1967 |
|---|---|---|
| Secretary's salaries | $1500 | None |
| Director's fees | $3000 | $1500 |
| Dividends | $4000 | $5500 |

In essence, the Secretary's imposition of deductions is based upon a finding that the dividends paid in 1967 were disguised salary or fees.

The Secretary's power to impose deductions against Social Security benefits stems from Section 203(b) of the Social Security Act, 42 U.S.C. § 403(b). Deductions are allowed:

"on the basis of such individual's wages and self-employment income . . . if . . . he is charged with excess earnings, under the provisions of subsection (f) of this section. . . ."

"Excess earnings" is defined in Section 203(f) (3), 42 U.S.C. § 403(f) (3), as "earnings . . . in excess of the

product of $125 [1] multiplied by the number of months in such year." Since this case deals with a full year, Mrs. Weisenfeld's excess earnings are those in excess of $1500.

 It is plain that Mrs. Weisenfeld had no excess earnings in 1967 unless some part of the $5500 paid to her in dividends is included in her "earnings." "Earnings" is defined by Section 203(f) (5) (A), 42 U.S.C. § 403(f) (5)(A), as "wages for services" plus "net earnings from self-employment." As Secretary of the corporations, Mrs. Weisenfeld was an employee, under Section 210(j) (1), 42 U.S.C. § 410(j) (1), and any compensation received for her services as Secretary would be "wages for services." As a director, Mrs. Weisenfeld was self-employed, under Social Security regulations, 20 C.F.R. § 404.-1004(b), and compensation received for her services as a director would be "net earnings from self-employment." Dividends are specifically excluded from the computation of "net earnings from self-employment," under Section 211(a) (2), 42 U.S.C. § 411(a) (2), and, although it is less precise, Section 209, 42 U.S.C. § 409, indicates that a true dividend is not to be included in the computation of "wages." Nevertheless, it is clear that the Secretary is empowered to ignore the form of a business arrangement and consider the substance of the arrangement. Gordon v. Finch, 437 F.2d 253 (8th Cir. 1971); Skalet v. Finch, 431 F.2d 452 (6th Cir. 1970); Ludeking v. Finch, 421 F.2d 499 (8th Cir. 1970); Reynolds v. Gardner, 381 F.2d 380 (4th Cir. 1967), aff'g per curiam 271 F.Supp. 676 (W.D.Va.1966); Gardner v. Hall, 366 F.2d 132 (10th Cir. 1966); Dondero v. Celebrezze, 312 F.2d 677 (2d Cir. 1963); Newman v. Celebrezze, 310 F.2d 780 (2d Cir. 1962); Poss v. Ribicoff, 289 F.2d 10 (2d Cir.), cert. denied, 368 U.S. 902, 82 S.Ct. 178, 7 L.Ed.2d 96 (1961); Flemming v. Lindgren, 275 F.2d 596 (9th Cir. 1960). If, in the present case, the "dividends" paid to Mrs. Weisenfeld are actually payments for her services either as Secretary or director of the corporations, the Secretary is not bound to accept at face value their denomination as "dividends."

Even if Mrs. Weisenfeld's dividends are treated as disguised salary or fees, however, allowance of a deduction is not automatic. Under Section 203(f) (1), 42 U.S.C. § 403(f) (1):

"no part of the excess earnings of an individual shall be charged to any month . . . (E) in which such individual did not engage in self-employment and did not render services for wages . . . of more than $125."

Further light is shed on the quoted portion of subsection (f)(1) by these words from subsection (f) (4):

"(A) An individual will be presumed . . . to have been engaged in self-employment . . . until it is shown to the satisfaction of the Secretary that such individual rendered no substantial services in such month with respect to any trade or business. . . .

"(B) An individual will be presumed . . . to have rendered services for wages . . . of more than $125 until it is shown to the satisfaction of the Secretary that such individual did not render such services . . . for more than such amount."

The question we face, then, is whether Mrs. Weisenfeld met her burden of showing that she rendered no substantial services in self-employment *and* that she did not render services for wages of more than $125. During the course of the litigation, however, the questions have quite understandably become merged. Both parties to this appeal agree that Mrs. Weisenfeld has met her burden if she has shown that she did not

---

I. This amount was raised to $140, effective with taxable years ending after December 1967. Pub.L.No. 90–248, § 107.

render "substantial services" to the corporations.

Regulations have been adopted by the Secretary to aid in determining whether "substantial services" have been performed. 20 C.F.R. § 404.446 provides, in part:

"In general, the substantial services test is one of whether, in view of all the services rendered by the individual and the surrounding circumstances, the individual can reasonably be considered retired. . . . Even though an individual performs some services in a trade or business . . . such services are not substantial where the evidence establishes to the satisfaction of the Administration that the individual may reasonably be considered retired. .. . . In determining whether an individual has or has not performed substantial services . . . the following factors are considered:

(1) The amount of time the individual devoted to all trades and businesses;

(2) The nature of the services rendered by the individual;

(3) The extent and nature of the activity performed by the individual before he allegedly retired as compared with that performed thereafter;

(4) The presence or absence of an adequately qualified paid manager, partner, or family member who manages the business;

(5) The type of business establishment involved;

(6) The amount of capital invested in the trade or business; and

(7) The seasonal nature of the trade or business."

It is not disputed that the services performed by Mrs. Weisenfeld in 1967 were the same as those performed in preceding years. Thus the third factor

noted in the quoted regulation would tend to support the Secretary's finding. To the extent that they are relevant, however, all other factors indicate that "substantial services" were not performed.

1. *Amount of Time.* Mrs. Weisenfeld spent three or four hours per month on corporate business. Under 20 C.F.R. § 404.447(a) (1):

"Where the individual establishes that the time devoted to his trades and businesses during a calendar month was not more than 45 hours, the individual's services in that month are not considered substantial unless other factors . . . make such a finding unreasonable. For example, an individual who worked only 15 hours in a month might nevertheless be found to have rendered substantial services if he was managing a sizeable business or engaging in a highly skilled occupation. However, the services of less than 15 hours rendered in all trades and businesses during a calendar month are not substantial."

2. *Nature of Services.* Mrs. Weisenfeld's services during her three or four hours per month were to sign leases as Secretary of the corporations, attend directors' meetings, and deposit checks. Under 20 C.F.R. § 404.447(b), "[t]he more highly skilled and valuable his services in self-employment are, the more likely the individual rendering such services could not reasonably be considered retired." Conversely, where, as here, the services do not appear to be "highly skilled and valuable," substantial services are not indicated.

3. *Presence of Manager.* Mrs. Weisenfeld's son managed the daily affairs of the corporations and also determined such matters as corporate dividend policy.

4. *Type of Business.* Since it is undisputed that Mrs. Weisenfeld's son managed the corporate business, this factor is hardly relevant. The fact that

both corporations were in the business of leasing property to commercial tenants does indicate, however, that the owners of the corporation would have fewer problems with respect to tenant turnover than would have been the case if the corporations had owned residential units.

5. *Amount of Capital Invested.* Through corporate tax returns that are part of the record we can discern that substantial capital was invested in the corporations. Unappropriated retained earnings, for instance, exceeded $316,000 in 1967. Real property owned by the corporations exceeded $1,000,000, less depreciation. Where an individual's capital investment is substantial, the likelihood that payments represent a return on capital, or dividends, rather than payment for services is indicated.

■ Faced with all the evidence indicating that Mrs. Weisenfeld did not perform "substantial services," the Government can find but one factor indicating that "substantial services" were performed. That factor is that Mrs. Weisenfeld performed the same services both before and after her "retirement." Under the Secretary's own regulations, however, this "before and after" comparison is clearly a subordinate consideration. Under 20 C.F.R. § 404.447(c):

"Where consideration of the amount of time devoted to a trade or business . . . and the nature of services rendered . . . is not sufficient to establish whether an individual's services were substantial, consideration is given to the extent and nature of the services rendered by the individual before his 'retirement,' as compared with the services performed during the period in question. A sig-

nificant reduction in the amount or importance of services rendered in the business tends to show that the individual is retired; absence of such reduction tends to show that the individual is not retired."

Our review of the record makes it clear that the time devoted to corporate work and the nature of the services performed were sufficient to establish that Mrs. Weisenfeld's services were not substantial, and by the very terms of the regulation the comparison would not come into play.

Under Section 205(g), 42 U.S.C. § 405(g), the Secretary's findings of fact are conclusive if they are based on substantial evidence. Ginsburg v. Richardson, 436 F.2d 1146 (3d Cir.), cert. denied, 402 U.S. 976, 91 S.Ct. 1680, 29 L. Ed.2d 142 (1971); Maloney v. Celebrezze, 337 F.2d 231 (3d Cir. 1964); Palmer v. Celebrezze, 334 F.2d 306 (3d Cir. 1964); Farley v. Celebrezze, 315 F. 2d 704 (3d Cir. 1963). In this case, however, we cannot avoid concluding that the Secretary's determination was not based on substantial evidence. The decision ignores a great deal of undisputed evidence to which the Secretary's own regulations give priority,[2] and relies instead upon a single factor in clear contravention of a regulation that makes that factor a subordinate one.[3] When the record as a whole is given consideration, a finding that Mrs. Weisenfeld performed substantial services in 1967 cannot stand.

The District Court's order granting summary judgment for the Government will be reversed, and the cause remanded for an order granting Mrs. Weisenfeld's motion for summary judgment.

2. *See* Bittel v. Richardson, 441 F.2d 1193 (3d Cir. 1971).

3. *See* Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).