Lillian H. **RUFER**, Plaintiff,

v.

Elliott **RICHARDSON**, Secretary of Health, Education and Welfare, Defendant.

No. Civ. 71–23S.

United States District Court, D. South Dakota, S. D.

July 25, 1972.

Steve Jorgensen, of Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, S. D., for plaintiff.

R. D. Hurd, Asst. U. S. Atty., Sioux Falls, S. D., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Plaintiff, Lillian H. Rufer, is seeking judicial review under 42 U.S.C.A. Sec. 405(g) of a final decision of the Appeals Council of the Department of Health, Education and Welfare upholding the hearing examiner's decision that the "Claimant has not established that she is retired within the meaning of the Social Security Act" and is, therefore, not entitled to Social Security benefits after deductions for excess earnings have been made.

Mrs. Rufer reached age 62 in March of 1962. She applied for and was granted reduced Social Security retirement insurance benefits near the end of 1962. Since she had earnings in excess of the statutory minimum (42 U.S.C.A. Sec. 403) through 1967, her payments were reduced to zero through that year.

Prior to 1968, Mrs. Rufer actively managed the Midwest Outdoor Advertising Company, a family corporation of which she owned 98% of the stock. She received a salary of $700 per month for her services. In 1968 the corporation reduced Mrs. Rufer's salary to $140 per month and her working time to 10 hours per week. The corporation then hired one Jesse E. Smith to manage the Midwest Outdoor Advertising Company. Mr. Smith performed most of the work which had been done by Mrs. Rufer and was paid by the amount of business he did, netting about $10,000 in 1968.

During the year 1968, in addition to her $140 per month salary, Mrs. Rufer received $100 per month rent for office space utilized by the corporation, $100 per month rent for corporate use of her car, traveling expenses and interest on loans made to the corporation.

The Bureau of Retirement and Survivors Insurance, Social Security Administration, denied payments to Mrs. Rufer for 1968, holding that at least $3,861.00 of her income was remuneration for services rendered and, therefore, she had excess earnings which did not entitle her to any social security benefits.[1] This judicial review was begun after all administrative remedies with the Department of Health, Education and Welfare had been exhausted.

Judicial review of the findings of fact of the Secretary of Health, Education and Welfare and the reasonable inferences drawn therefrom is limited to determining if the findings are supported by "substantial evidence." McCalip v. Richardson, 460 F.2d 1124 (8th Cir. 1972); 42 U.S.C.A. Sec. 405(g). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L. Ed.2d 842 (1971).

It is the government's position that the claimant has not rebutted the presumption arising under 42 U.S.C.A. Sec. 403(f) (4) (A) that she continues to render substantial services in self-employment activities from which she received remuneration in an amount which lawfully reduced her right to payments to zero.

Although the record weakly supports by inferences the finding that Mrs. Rufer performed substantial services in 1968 for the Midwest Outdoor Advertising Company, there is no more than a "mere scintilla" of such evidence. There is not substantial evidence that she received remuneration in excess of $1,680 in 1968. There is no evidence in the record which indicates that any money

---

1. Under 42 U.S.C.A. Sec. 403(f) (3) and 20 C.F.R. 404.432, an individual may earn $140 per month ($1,680 per year) before he is subject to any deduction for excess earnings. If a person's total earnings are $3,861 or over, their excess earnings will have reduced their benefits to zero.

received by Mrs. Rufer from the corporation as wages was more than $140 per month. The record shows that $100 per month office rent was reasonable, $100 per month car rent was reasonable, the traveling expenses were reasonable, and that the interest obtained from loans made to the corporation was reasonable. None of these items of income are to be included as total earnings. 42 U.S.C.A. Secs. 403(f) (5) (A, B) and 411. There is not substantial conflicting evidence that any of these amounts were net earnings from self-employment and were, therefore, to be added to Mrs. Rufer's wages in determining her total earnings under 42 U.S.C.A. Sec. 403(f) (5) and 20 C.F.R. 404.429. Since there is little, if any, conflicting evidence on this point, the findings of the hearing examiner are not supported by substantial evidence. Reams v. Finch, 428 F.2d 1225, 1226 (8th Cir. 1970); Celebrezze v. Bolas, 316 F.2d 498, 506 (8th Cir. 1963).

The record indicates by substantial evidence that in 1968, the corporation underwent a major managerial change. Most of Mrs. Rufer's former duties were now performed by Mr. Smith, who now received most of the salary Mrs. Rufer had received prior to 1968. There was no obvious scheme to redirect income and retain the same amount of control and earnings as was present in Ludeking v. Finch, 421 F.2d 499 (8th Cir. 1970) and Newman v. Celebrezze, 310 F.2d 780 (2d Cir. 1962). The mere fact that Mrs. Rufer owned 98% of the corporate stock and was therefore responsible for realigning the corporate management means no more than that she intended to qualify for Social Security benefits, and absent any element of fraud or deceit does not automatically disqualify her from such benefits. Sewell v. Celebrezze, 216 F.Supp. 192 (D.S. D.1963).

The decision of the Appeals Council of the Department of Health, Education and Welfare is reversed, and summary judgment is denied the defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure. Attorney's fees are granted to the claimant in an amount equal to 25% of the total of the benefits past due as of the filing date of this opinion, according to the provisions of 42 U.S.C.A. Sec. 406(b) (1).

This memorandum decision shall constitute the Court's findings of fact and conclusions of law in accordance with the provisions of Rule 52 of the Federal Rules of Civil Procedure.