Bernard M. MITZNER, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant.

No. 97 Civ. 2577(JSM).

United States District Court, S.D. New York.

Feb. 2, 1998.

Bernard Mitzner, New Hampton, NY, pro se.

Lorraine Novinski, Assistant United States Attorney, New York City, for Defendant.

## OPINION AND ORDER

MARTIN, District Judge.

The plaintiff appeals from a decision of the defendant denying him old-age insurance benefits because plaintiff earned more than the statutory amount for the years in question. The Commissioner moves the Court to remand the case to redress important gaps in the record. For example, the Commissioner concedes that the tax returns both for the plaintiff and for the corporation from which he still allegedly draws earnings do not appear in the record in complete form. The Commissioner, as indicated in the declaration of Lorraine Novinski, agrees to assign the case to a different Administrative Law Judge.

Plaintiff opposes the motion for remand arguing that he has established his right to receive his social security payments and that the result of a remand is simply to delay the payment. The basic fallacy in plaintiff's argument is the assumption that, if the Court were to reach the merits, it would set aside the Commissioner's determination.

The issue before the Commissioner is whether the plaintiff had in fact retired from his business and turned its operation over to his daughter, Debbie Mitzner. Despite the self-serving statements of plaintiff and his daughter the evidence was more than sufficient to establish that plaintiff's claim was a sham.

Although plaintiff acknowledged that he continued to go to his office on a regular basis, he claimed that he simply went there to read magazines and work on his computer. However, an investigator went to the premises and interviewed Supervisor Sal Liucci. When asked, who owns and runs the business, Liucci answered, "Bernie." Liucci told the same investigator that he believed Debbie Mitzner was an administrative assistant. The fact that this supervisor later denied the statement is hardly persuasive given the obvious leverage plaintiff had over him.

Moreover, Debbie Mitzner's claim that she ran the business and worked sixty hours a week for the company is hard to credit in light of the fact that she had full-time employment as a school teacher. Given the fact that the company paid Debbie Mitzner $395,000 in 1993, there was clearly no necessity for her to work two full-time jobs. Her claim that she worked up to sixty hours per week was also contradicted by Sal Liucci, who stated in his additional affidavit that the business ran itself and could function well even if plaintiff and his daughter did not devote substantial time to its operations.

■ It is established that the Commissioner can look behind a sham retirement to attribute earnings to an applicant for benefits who has not in fact retired. *Dondero v. Celebrezze,* 312 F.2d 677 (2d Cir.1963); *Newman v. Celebrezze,* 310 F.2d 780 (2d Cir. 1962); *Poss v. Ribicoff,* 289 F.2d 10 (2d Cir.1961). The Court does not agree with the Administrative Law Judge, however, that the applicant bears the initial burden of proving that he did not render substantial services to the company. His reliance on 42 U.S.C. § 403(f)(4)(B) and the corresponding regulations in support of this proposition was misplaced because that section only applies when it has already been established that the applicant has had earnings and the Commissioner is determining to which months those earnings should be charged. The statute is silent as to what presumption should apply in determining whether there were any annual earnings in the first place. *See* Timothy Hall, Social Security–Sham Retirement, 102 ALR Fed. 25, 41 n. 49 (1991); *see also* 20 C.F.R. § 404.446 ("the substantial services test will be applicable only in a grace year").

■ This is not to say that the policy behind the statutory burden should not be considered in determining how to allocate the burden of proof when attempting to determine if an applicant did in fact have earnings because his retirement is a sham. In a case such as this it seems appropriate to place on the Commissioner the initial burden of establishing the existence of circumstances that would give rise to an inference that the applicant had not in fact retired. That burden can be satisfied by proof, such as that present here, that the applicant continues to appear

at the family business premises for substantial periods of time and that a person with substantial experience in the business has not been hired to take on his duties.

 Once such a prima facie showing has been made, the policies behind § 403(f)(4)(B) support placing the burden on the claimant to prove that he was not rendering substantial services to the company, since the claimant will have much greater access to the information and witnesses necessary to prove that substantial services were not in fact rendered. When a claim is made that a family member has taken over the operations, the claimant should bear the burden of proving that "the family member receiving an increase in income [has taken] on a commensurate increase in duties." *Alesci v. Bowen,* 724 F.Supp. 57 (E.D.N.Y.1989). *See, e.g., Heer v. Secretary of Health & Human Services,* 670 F.2d 653, 655 (6th Cir.1982). To place the burden on the Commissioner on that issue would create the risk that the Commissioner might feel compelled to accept as true self-serving declarations such as those submitted in this case, even though logic compels the conclusion that they are but a continuation of the sham.

For the foregoing reasons the motion to remand is granted. The plaintiff, on remand, will be permitted to adduce further evidence to substantiate his claim that he has not earned above the statutory amount.

**SO ORDERED.**